**Fred David WILSON, Administrator of the Estate of Michael Glenn Wilson, deceased, Appellant,**

v.

**FORD MOTOR COMPANY, Appellee.**

No. 80–1491.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 1, 1980.

Decided Aug. 14, 1981.

W. Gene Sigmon, Newton, N.C. (Sigmon & Sigmon, Newton, N.C., on brief), for appellant.

Daniel W. Donahue, Winston-Salem, N.C. (Womble, Carlyle, Sandridge & Rice, Winston-Salem, N.C., on brief), for appellee.

Before RUSSELL, WIDENER and PHILLIPS, Circuit Judges.

PER CURIAM:

The sole issue on appeal in this diversity case is whether, under the law of North Carolina, an automobile manufacturer may be held liable for defects in the design and manufacture of a vehicle which neither caused nor contributed to the cause of a collision, but served to exacerbate injuries sustained thereafter. See *Erie Railroad Company v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). This is a question of law, *Dreisonstok v. Volkswagenwerk, A.G.*, 489 F.2d 1066, 1069 (4th Cir. 1974), and has not yet been addressed by the Supreme Court of that State (or by the intermediate appellate courts). Thus, it falls to the federal courts to forecast what the North Carolina Supreme Court would hold if presented with this issue. *Commissioner v. Estate of Bosch*, 387 U.S. 456, 87 S.Ct. 1776, 18 L.Ed.2d 886 (1967); *McClung v. Ford Motor Company*, 472 F.2d 240 (4th Cir. 1973).

The district court, after a careful review of related State cases and of the several and divergent federal court determinations of the issue, ruled that the North Carolina Supreme Court would not hold a manufacturer liable for injuries arising from defects which neither caused nor contributed to the accident.

We find no reversible error in this conclusion and, for reasons sufficiently stated in its Memorandum and Order of April 9, 1980, the judgment of the district court is

*AFFIRMED.*[1]

---

1. In the case of *Seese, et al v. Volkswagenwerk AG, etc.*, 648 F.2d 833 (3d Cir. 1981), the court, in a divided opinion, predicted that North Carolina would adopt the second crash theory. The dissent argued that even if the second crash

theory were applicable, judgment for the plaintiff was subject to error. The rejection by North Carolina, however, in *Smith v. Fiber Control Corporation*, 300 N.C. 669, 268 S.E.2d 504 (1980), of the principle of strict liability in

tort fortifies our belief that if called upon the Supreme Court of North Carolina would also

reject the second crash theory.