**Teresa Charlene ERWIN, Appellant,**

v.

**JEEP CORPORATION, a foreign corporation, and American Motors Corporation, a foreign corporation, Appellees.**

No. 86–1512.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 6, 1986.

Decided Feb. 23, 1987.

Larry Klein, West Palm Beach, Fla. (Smith, Bonfoey & Queen, Waynesville, N.C., Lytal & Reiter, Jane Kreusler-Walsh, John R. Beranek, Klein & Beranek, West Palm Beach, Fla., on brief), for appellant.

Joseph W. Yates, Barbara B. Weyher, (Yates, Fleishman, McLamb & Weyher, Raleigh, N.C., on brief), for appellees.

Before WIDENER and PHILLIPS, Circuit Judges, and WILLIAMS, United States District Judge for the Eastern District of Virginia, sitting by designation.

PER CURIAM:

Teresa Charlene Erwin appeals the district court's grant of summary judgment in favor of the defendant Jeep Corporation. Miss Erwin filed this product liability action against Jeep in the United States District Court for the Western District of North Carolina seeking damages for personal injuries she sustained in an automobile accident. Jurisdiction was based upon diversity of citizenship pursuant to 28 U.S.C. § 1332. Miss Erwin's allegations against Jeep included breach of warranty, negligence in failing to properly design and manufacture the 1979 Jeep CJ–7 or to warn of its defects, strict liability in tort, and gross negligence and wanton misconduct. Jeep moved for summary judgment on the ground that the automobile accident was not caused by any design defect and that under North Carolina law it cannot be liable on a crashworthiness theory. The district court agreed and granted summary judgment for Jeep. We conclude that the district court's interpretation of North Carolina law is correct, and therefore affirm.

On October 21, 1983, Miss Erwin was driving her 1979 Jeep CJ–7 south on Highway 23B in Sylva, North Carolina. A 1981 Chevrolet entered Miss Erwin's lane of traffic and struck the left front of Miss Erwin's Jeep. As a result of that impact, Miss Erwin's left front tire ruptured, and the left front wheel assembly was damaged. This collision and the damage to the Jeep caused it to steer to the left. Turning to the left caused the Jeep to follow a curved path to its left, during which the Jeep crossed two northbound lanes, turned over, ending up on its right side and then struck a 1970 Buick heading northbound. Miss Erwin was rendered a paraplegic as a result of the accident.

In her complaint, Miss Erwin alleged among other things that the Jeep CJ–7

possessed design defects that caused it to roll over after impact with the Chevrolet resulting in serious injury to her. She also alleged that the windshield frame and rollbar were of inadequate strength and geometry and that such a design defect caused or contributed to her spinal injury. Miss Erwin does not contend that any defect in the Jeep caused or contributed to the initial collision with the Chevrolet.

In *Wilson v. Ford Motor Co.*, 656 F.2d 960 (4th Cir.1981), and again in *Martin v. Volkswagen of America, Inc.*, 707 F.2d 823 (4th Cir.1983), we considered whether North Carolina would apply the crashworthiness doctrine in cases such as this one where the defect neither caused nor contributed to the collision. After finding no North Carolina Supreme Court or Court of Appeals opinion deciding this issue, the *Wilson* court was of opinion that North Carolina would not apply a second crash theory under such facts. The *Martin* court reexamined that holding and again held that North Carolina would not hold a manufacturer liable for injuries arising from a defect that neither caused nor contributed to the collision.

Miss Erwin argues that since the *Wilson* and *Martin* cases were decided the North Carolina Supreme Court has extended proximate cause and foreseeability to include the concept of crashworthiness, relying upon *Hairston v. Alexander Tank and Equipment Co.*, 310 N.C. 227, 311 S.E.2d 559 (1984), and *Oates v. Jaq, Inc.*, 314 N.C. 276, 333 S.E.2d 222 (1985).

After reviewing these two cases, we conclude that neither indicates that the North Carolina courts would adopt a crashworthiness doctrine of liability. *Hairston* was a wrongful death action in which the deceased Hairston's vehicle became disabled when its left rear wheel came off while the car was underway. While so disabled, the Hairston car was struck by another vehicle.[1] Hairston's estate sued both the truck driver and the car dealership that did not tighten the lug bolts on Hairston's new automobile, which caused the wheel to

come off. The North Carolina Supreme Court concluded that the defendant truck driver's negligence was not intervening so as to relieve the car dealership of liability for its original negligence. The negligence of the truck driver joined with the original negligence of the car dealer to cause Hairston's death. Therefore, both defendants were held liable. Unlike the case before us today, *Hairston* was not a crashworthiness case. Absent the car dealer's original negligence in *Hairston*, the accident would not have occurred. *Hairston* 311 S.E.2d at 566. In the present case, however, Jeep's actions neither caused nor contributed to the occurrence of the accident. We find nothing in the *Hairston* opinion to support plaintiff's claim that the North Carolina court would adopt a crashworthiness theory of liability.

We likewise find no support for the claim in *Oates*. *Oates* was neither a crashworthiness case nor a products liability case. *Oates* involved a builder's negligence in the construction of a home. The North Carolina Supreme Court concluded that a subsequent purchaser could sue the home builder for negligence in the construction of the house when such negligence resulted in economic loss or damages to such purchaser because privity of contract was not required. *Oates* does not lead us to conclude that the North Carolina courts would decide the issue at hand differently from our holdings in *Martin* and *Wilson*.

Absent any action by the North Carolina courts, we follow our decisions in *Wilson* and *Martin*. The district court correctly granted Jeep's motion for summary judgment.

The judgment of the district court is accordingly

AFFIRMED.

## ADDENDUM

Upon request of appellees' attorneys, we have added this note to indicate that this decision affirming the summary judgment in all respects is in favor of both Jeep Corporation and American Motors Corporation.

---

**1.** A truck struck the rear of a van that had stopped in aid behind Hairston's vehicle. The van was knocked into the rear of Hairston's

automobile. Hairston, who was between his automobile and the van at the time, was killed. *Hairston* 311 S.E.2d at 563–4.