JASPER WARREN, JR., Administrator of the Estate of ROBERT WARREN, Plaintiff-Appellant v. MICHAEL COLOMBO, Administrator of the Estate of KARSON LEE CONGER, Deceased; MILITARY DISTRIBUTORS OF VIRGINIA, INC. and THOMAS BUILT BUSES, INC., Defendants-Appellees

No. 878SC1258

(Filed 7 March 1989)

**1. Sales § 22; Negligence § 22— enhanced injury liability—negligent design and manufacture of school bus—sufficiency of complaint**

Plaintiff's complaint was sufficient to state a claim against defendant school bus manufacturer for negligent design and manufacture of a school bus which enhanced injuries received by plaintiff's intestate when a truck crossed the center line and collided with the school bus.

**2. Sales § 22— product liability—strict liability inapplicable**

North Carolina expressly rejects strict liability in product liability actions.

**3. Damages § 12.1— punitive damages—insufficiency of complaint**

Plaintiff's complaint failed to allege sufficient facts to support a claim against the manufacturer of a school bus for punitive damages in an enhanced injury liability action.

Judge GREENE concurring in the result.

Judge ARNOLD dissenting.

APPEAL by plaintiff from *Llewellyn (James D.), Judge.* Order entered 29 September 1987 in Superior Court, GREENE County. Heard in the Court of Appeals 11 May 1988.

This appeal arises out of the 31 May 1985 school bus accident near Snow Hill, North Carolina, in which six children were killed and numerous others injured. The accident occurred when a tractor-trailer truck driven by Karson Lee Conger (deceased) crossed the center line of the highway and collided with a school bus. Plaintiff is the administrator of the estate of Robert Warren, one of the young children killed. Defendants are Colombo, administrator of the estate of Karson Lee Conger; Military Distributors of Virginia,

Inc., owners of the truck Conger was driving; and Thomas Built Buses, Inc., manufacturers of the school bus.

On 26 August 1985, plaintiff filed an amended complaint alleging seven causes of action. The first and second claims allege negligence by Conger and Military Distributors of Virginia, Inc.; the third claim seeks punitive damages against the administrator of Conger's estate and Military Distributors of Virginia, Inc.; the fourth claim alleges negligence by defendant Thomas Built Buses, Inc. (Thomas Built) proximately caused pain, suffering and wrongful death; the fifth claim alleges that defendant Thomas Built negligently designed and manufactured the bus which proximately caused or enhanced the injuries; the sixth claim alleges strict liability of defendant Thomas Built; and the seventh claim alleges breach of implied warranty by defendant Thomas Built.

Two defendants petitioned for removal of the case to the United States District Court for the Eastern District of North Carolina. On 8 November 1985, defendant Thomas Built filed its answer and moved to dismiss the amended complaint under the Federal Rules of Civil Procedure, Rule 12(b)(6), for failure to state a claim upon which relief could be granted. The case was remanded to Greene County Superior Court on 20 February 1986.

On 29 September 1987, Judge Llewellyn entered an order dismissing three of plaintiff's claims under G.S. 1A-1, Rule 12(b)(6) for failure to state a claim upon which relief can be granted. The three claims dismissed are those against defendant Thomas Built for negligent design and manufacture of the bus which enhanced plaintiff's injuries; for strict liability of defendant Thomas Built; and for punitive damages against defendant Thomas Built. The remaining claims including plaintiff's claim against Thomas Built for negligence and implied warranty proximately causing the accident were denied and are not before us on appeal.

From this order, plaintiff appeals.

*Taft, Taft & Haigler, by Thomas F. Taft, Kenneth E. Haigler, Robert H. Hochuli, Jr. and James M. Stanley, Jr., for plaintiff-appellant.*

*Sumrell, Sugg, Carmichael & Ashton, by James R. Sugg and Rudolph A. Ashton, III, for defendant-appellee Thomas Built Buses, Inc.*

ORR, Judge.

The trial court dismissed plaintiff's claims under G.S. 1A-1, Rule 12(b)(6) for failure to state a claim upon which relief can be granted. The test on a motion under this rule is whether the pleading is legally sufficient, and the trial court must treat the allegations of the challenged pleading as true. *Azzolino v. Dingfelder*, 71 N.C. App. 289, 322 S.E. 2d 567 (1984), *aff'd in part, rev'd in part*, 315 N.C. 103, 337 S.E. 2d 528 (1985), *cert. denied*, 479 U.S. 835 (1986). The legal insufficiency of a complaint may be due to the absence of law to support a claim, absence of fact to support a good claim, or the disclosure of some fact which will defeat the claim. *State of Tennessee v. Environmental Management Comm.*, 78 N.C. App. 763, 338 S.E. 2d 781 (1986).

I.

[1] Plaintiff first contends that the trial court erred in dismissing the claim against defendant Thomas Built for negligent design and manufacture of the school bus, thereby proximately causing or enhancing the injuries in question.

The concept of enhanced injury is set forth in an article by Thomas V. Harris entitled Enhanced Injury Theory: An Analytic Framework, 62 N.C.L. Rev. 643 (1984):

> *Enhanced injury liability is based on the premise that some objects, while they are not made for the purpose of undergoing impact, should be reasonably designed to minimize the injury-producing effect of such contact.* In *Larsen v. General Motors Corp.* the court discussed the nature of this type of liability:

> 'Automobiles are made for use on the roads and highways in transporting persons and cargo to and from various points. This intended use cannot be carried out without encountering in varying degrees the statistically proved hazard of injury-producing impacts of various types.

> . . . .

> No rational basis exists for limiting recovery to situations where the defect in design or manufacture was the causative factor of the accident, as the accident and the resultant injury . . . all are foreseeable.

> . . . .

WARREN v. COLOMBO

[93 N.C. App. 92 (1989)]

We perceive of no sound reason, either in logic or experience, nor any command in precedent, why the manufacturer should not be held to a reasonable duty of care in the design of its vehicle consonant with the state of the art to minimize the effect of accidents.'

The proper terminology for characterizing the theory is 'enhanced injury' liability. In addition to that term, courts and commentators have described such accidents as involving 'crashworthiness' or a 'second collision.' In many cases, courts have used the three terms interchangeably.

*Id.* at 646. (Footnotes omitted.) (Emphasis added.)

While the case *sub judice* arises from a crash between a tractor-trailer and a school bus, the issue presented is couched in the terms of "enhanced injury." Therefore, we shall specifically address the issue as "enhanced injury" and not "crashworthiness" or a "second collision."

This cause of action has not yet been addressed by this Court or our Supreme Court. Under this negligence theory, recovery may be allowed when defects in a vehicle enhance or increase plaintiff's injuries in an accident, although the defect did not cause the accident. *Larsen v. General Motors Corporation*, 391 F. 2d 495 (8th Cir. 1968). The defect must result from some negligence of the manufacturer in the design or construction of the vehicle. *Id.* Since *Larsen*, a majority of states have adopted some form of this doctrine. *Sealey v. Ford Motor Co.*, 499 F. Supp. 475 (E.D.N.C. 1980) (citations omitted). *See generally* Harris, Enhanced Injury Theory: An Analytic Framework, 62 N.C.L. Rev. 643 (1984).

The federal district courts in North Carolina that have considered this issue are divided in their forecast of what North Carolina courts would do on this issue. Those cases which predict that we would not allow recovery based upon an enhanced injury claim are *Simpson v. Hurst Performance, Inc.*, 437 F. Supp. 445 (M.D.N.C. 1977), *aff'd*, 588 F. 2d 1351 (4th Cir. 1978); *Bulliner v. General Motors Corp.*, 54 F.R.D. 479 (E.D.N.C. 1971); and *Alexander v. Seaboard Air Line Railroad Company*, 346 F. Supp. 320 (W.D.N.C. 1971). Those predicting that we would allow recovery are *Isaacson v. Toyota Motor Sales*, 438 F. Supp. 1 (E.D.N.C. 1976) and *Sealey v. Ford Motor Co.*, 499 F. Supp. 475 (E.D.N.C. 1980).

WARREN v. COLOMBO

[93 N.C. App. 92 (1989)]

The United States Fourth Circuit Court of Appeals also has considered this question. In the *per curiam* opinion of *Wilson v. Ford Motor Company*, 656 F. 2d 960 (4th Cir. 1981), the Fourth Circuit upheld the district court ruling based upon the prediction that the Supreme Court of North Carolina would not allow a claim for injuries "which neither caused nor contributed to the accident." The Court stated in a footnote that because North Carolina rejects strict liability, then we would also reject an enhanced injury claim. *Id. See Smith v. Fiber Controls Corp.*, 300 N.C. 669, 268 S.E. 2d 504 (1980). The *Wilson* Court did not address the likelihood of a successful enhanced injury claim under negligence or product liability theories. Relying upon *Wilson*, the Fourth Circuit again rejected enhanced injury claims in *Martin v. Volkswagen of America, Inc.*, 707 F. 2d 823 (4th Cir. 1983) and *Erwin v. Jeep Corp.*, 812 F. 2d 172 (4th Cir. 1987).

While the decisions of federal district and appellate courts are instructive on these issues, we are not bound by their decisions. *Sharpe v. Park Newspapers of Lumberton*, 317 N.C. 579, 347 S.E. 2d 25 (1986). Instead, this Court must determine whether a cause of action for enhanced injuries is permissible under North Carolina law. We conclude that it is for the reasons set forth below.

The enhanced injury concept has been grounded in other jurisdictions in both general negligence law and product liability.

As in any action for negligence, the essential elements of a suit for products liability sounding in tort must include

(1) evidence of a standard of care owed by the reasonably prudent person in similar circumstances;

(2) breach of that standard of care;

(3) injury caused directly or proximately by the breach, and;

(4) loss because of the injury.

W. Prosser, Hornbork of the Law of Torts sec. 30 (4th ed. 1971); *City of Thomasville v. Lease-Afex, Inc.*, 300 N.C. 651, 656, 268 S.E. 2d 190, 194 (1980).

A.

We first address the question of duty of a manufacturer under North Carolina law.

WARREN v. COLOMBO

[93 N.C. App. 92 (1989)]

A manufacturer's standard of care in products liability is found in the leading case of *Corprew v. Chemical Corp.*, 271 N.C. 485, 157 S.E. 2d 98 (1967).

> Since the liability is to be based on negligence, the defendant is required to exercise the care of a reasonable man under the circumstances. His negligence may be found over an area quite as broad as his whole activity in preparing and selling the product. He may be negligent first of all in designing it, so that it becomes unsafe for the intended use. He may be negligent in failing to inspect or test his materials, or the work itself, to discover possible defects, or dangerous propensities.

*Id.* at 491, 157 S.E. 2d at 102-03, *quoting* W. Prosser, Law of Torts sec. 665 (3d ed. 1964).

None of the courts addressing the issue of enhanced injury under a negligence theory have imposed a duty on the defendant to build a vehicle that would withstand all crashes. All manufacturers owe a duty to their purchasers to design and build a vehicle reasonably safe to minimize its injury producing effects. *See Seese v. Volkswagen-werk A.G.*, 648 F. 2d 833 (3d Cir. 1981), *cert. denied*, 454 U.S. 867 (1981). We believe that defendant was under the same duty. The pleadings adequately set forth allegations of defendant's duty, and the law as set forth in *Corprew* controls on this question.

**B.**

Plaintiff must next establish that defendant breached the duty. W. Prosser, Law of Torts sec. 30 (4th ed. 1971). Plaintiff alleged the following breaches of defendant's duty:

45. That the injuries herein and subsequent death suffered by plaintiff's intestate were proximately caused by or enhanced by the negligent conduct of defendant Thomas in that it:

a. Failed to adequately pad the seats in said bus.

b. Failed to adequately secure the seats to the floor of the bus.

c. Constructed seats of materials of insufficient quality and strength so as to withstand reasonably foreseeable forces acting upon them.

d. Constructed seats of metal tubing which breaks easily and becomes sharp and dangerous when broken.

e. Constructed the exterior siding of the bus of materials that are not sufficient to withstand reasonably foreseeable forces acting upon them.

f. Constructed the exterior siding of the bus of a material inadequate to withstand impacts reasonably expected to be encountered in the normal useage [sic] of a school bus.

g. Designed the bus using materials which would not withstand collisions normally encountered during the normal life of a school bus.

h. Failed to provide seat belts for the passengers of the bus.

i. Failed to use reasonable care in the design of its vehicle to avoid subjecting the passengers to an unreasonable risk of collision injury.

46. That the negligence, carelessness and wilful and wanton conduct of the defendant Thomas was a proximate cause of the collision, injuries and subsequent death of the plaintiff's intestate and was a proximate cause of the enhancement of injuries and subsequent death of plaintiff's intestate.

Taking plaintiff's allegations to be true as required by G.S. 1A-1, Rule 12(b)(6), plaintiff sufficiently alleged that defendant breached its duty of reasonable care in the design and manufacture of the school bus.

C.

The third element of any negligence test, proximate cause, is the most troublesome aspect in enhanced injury cases.

In his special concurring opinion in *Martin v. Volkswagen of America, Inc.*, 707 F. 2d 823 (4th Cir. 1983), Judge Phillips sets out the conceptual problem based on proximate cause arising in enhanced injury cases.

The underlying conceptual problem in substantive crashworthiness doctrine precisely concerns identification of the accident-occurrence upon which the proximate causation inquiry is to be focused. Is it the initial impact of vehicle with some external object—another vehicle, a tree, a ditchbank— that sets in train a series of traumatic 'crashes'? Or is it the specific physical trauma traceable to second (and third, etc.) 'crashes' that are in turn arguably traceable in causal terms

WARREN v. COLOMBO

[93 N.C. App. 92 (1989)]

to design defects that concededly have no causal relation to the 'first crash'? Courts that reject crashworthiness doctrine are likely to do so by a purely conceptual analysis that identifies the first impact as the sole accident-occurrence upon which proximate causation injury is rightly focused, with liability for all direct and consequential damages flowing from that impact (including all ensuing 'crashes') then being imposed solely upon the actor whose negligence proximately caused that impact.

*Id.* at 827. Judge Phillips next contends that the decision in *Miller v. Miller*, 273 N.C. 228, 160 S.E. 2d 65 (1968) is a "strong indication" that the North Carolina Supreme Court identifies the "first impact" as the critical and sole one for proximate causation. Based upon his interpretation of *Miller*, Judge Phillips states "[*Miller's*] conceptual analysis of the critical causation issue must be the starting point for any honest reappraisal leading to adoption by North Carolina courts of the crashworthiness doctrine."

While we agree that *Miller* must be the starting point, this Court concludes that *Miller* does not indicate that the "first impact" is the critical and sole one for proximate causation and thus precludes a cause of action for enhanced injuries. *Miller* was not a "crashworthiness" or enhanced injury case. The only question presented for consideration was set out specifically by Justice Sharp at page 230: "Does the occupant of an automobile have a duty to use an available seat belt *whenever* it is operated on a public highway?" In *Miller*, a passenger had sued the driver of the automobile for negligence, and defendant contended plaintiff was contributorily negligent for failure to wear a seat belt. The portion relied upon by Judge Phillips taken in the full context of the entire paragraph states:

> *When the occupant of an automobile is injured in a collision, upset, or deviation of the vehicle from the highway, it goes without saying that his failure to have his seat belt fastened did not contribute to the occurrence of the accident.* Brown v. Kendrick, 192 So. 2d 49 (Fla. Dist. Ct. App. 1966); *Kavanagh v. Butorac*, --- Ind. App. ---, 221 N.E. 2d 824 (1966). Obviously, however, in some accidents, an *after-the-fact appraisal would reveal that his injuries would probably have been minimized had he been using a seat belt.* But whether the occupant of an automobile was contributorily negligent in failing to fasten his seat belt must, of course, be determined in view of his

knowledge of conditions prevailing prior to the accident, and not in the light of hindsight.

*Miller,* at 231, 160 S.E. 2d at 68. (Emphasis added.)

Thus, we see that the offhand reference to "occurrence" is not in the context of proximate causation, but simply is part of a sentence concluding that failure to wear a seat belt could not be a contributing factor in the "occurrence of the accident." We therefore conclude that *Miller* does not provide controlling guidance on this question and turn our attention elsewhere.

An examination of North Carolina law pertaining to joint tort-feasors provides a foundation for analyzing the proximate causation question in enhanced injury cases.

> Proximate cause is a cause which in natural and continuous sequence, unbroken by any new and independent cause, pro-duced the plaintiff's injuries, and without which the injuries would not have occurred, and one from which a person of ordinary prudence could have reasonably foreseen that such a result, or consequences of a generally injurious nature, was probable under all the facts as they existed. *Kanoy v. Hinshaw,* 273 N.C. 418, 160 S.E. 2d 296 (1968); *Green v. Tile Co.,* 263 N.C. 503, 139 S.E. 2d 538 (1965). *See generally* Byrd, *Proximate Cause in North Carolina Tort Law,* 51 N.C.L. Rev. 951 (1973). Foreseeability is thus a requisite of proximate cause, which is, in turn, a requisite for actionable negligence. *Nance v. Parks,* 266 N.C. 206, 146 S.E. 2d 24 (1966); *Osborne v. Coal Co.,* 207 N.C. 545, 177 S.E. 796 (1935).

*Hairston v. Alexander Tank & Equipment Co.,* 310 N.C. 227, 233, 311 S.E. 2d 559, 565 (1984).

"There may be more than one proximate cause of an injury. When two or more proximate causes join and concur in producing the result complained of, the author of each cause may be held for the injuries inflicted. The defendants are jointly and severally liable." *Hairston,* at 234, 311 S.E. 2d at 565-66.

"Negligence, in order to be actionable, must be shown to have been the proximate cause or *one of the proximate causes of the plaintiff's injuries.* There must be some causal relationship between the breach of duty and the injury." *Reason v. Sewing Machine Co.,* 259 N.C. 264, 267, 130 S.E. 2d 397, 399 (1963). (Emphasis added.)

**WARREN v. COLOMBO**

[93 N.C. App. 92 (1989)]

The theory advanced by plaintiff alleging enhanced injuries does not, however, focus on *one* injury caused by concurring sources. Instead, the focus is allegedly on an injury caused by the negligence of the tractor-trailer driver and the enhancement of that injury proximately caused by the negligence of the manufacturer of the bus.

Relying on the logic and law of joint and concurrent negligence that more than one proximate cause can result in one injury, it follows that there is nothing in our law that would preclude more than one proximate cause that results in an original injury and the enhancement of that injury. Thus, as in the case *sub judice*, the allegation that the injuries sustained in this accident were proximately caused by both the impact with the truck and enhanced by the alleged negligence of the manufacturer is sufficient to withstand a 12(b)(6) motion.

### D.

The final element to be considered is damages. We decline to address defendant's contention that enhanced injury claims are not appropriate in severe collision cases. We also acknowledge the potential difficulty in enhanced injury cases dealing with the apportionment of damages should a jury find that the manufacturer's negligence was the proximate cause of the enhanced injuries. For the purpose of a 12(b)(6) motion, plaintiff has adequately alleged damages arising out of enhanced injuries. Therefore, we decline to speculate on the other aspects of damages noted above. The adequacy of plaintiff's evidence will no doubt be tested upon motions for summary judgment and directed verdict if the case is tried. At this stage of the litigation, this Court simply finds that plaintiff's complaint survives a motion to dismiss for failure to state a claim.

To hold that the allegations in plaintiff's complaint do not state a claim would be, as previously pointed out, not supported by North Carolina law. Likewise, such a determination would result in the possible insulation of negligent parties from responsibility in a situation where the initial event would have caused only minor injuries absent the event causing enhanced injuries. This Court declines to pronounce that as the law in North Carolina.

### II.

Plaintiff's final assignments of error that the trial court erred in dismissing his claims for strict liability and punitive damages are without merit.

[2]   North Carolina expressly rejects strict liability in products liability actions. *Smith v. Fiber Controls Corp.*, 300 N.C. 669, 268 S.E. 2d 504 (1980); *Holley v. Burroughs Wellcome Co.*, 74 N.C. App. 736, 742, 330 S.E. 2d 228, 232 (1985), *aff'd*, 318 N.C. 352, 348 S.E. 2d 772 (1986).

Plaintiff specifically sought punitive damages against defendants Military Distributors of Virginia and Colombo in its amended complaint and prayer for relief. The issue of punitive damages against defendant Thomas Built was briefed by both sides, and the trial court dismissed the claim against Thomas Built.

Plaintiff's sixth cause of action alleges that the negligence, carelessness and willful and wanton conduct of Thomas Built was a proximate cause of the collision, injuries and subsequent death of the plaintiff's intestate.

In the absence of any intentional, malicious, or willful act, punitive damages may not be recovered in a case involving an ordinary motor vehicle collision caused by negligence. The injury must result from defendant's wanton negligence. Conduct is wanton when it is in conscious and intentional disregard of and indifference to the rights and safety of others. Hightower, *North Carolina Law of Damages* sec. 30-13 (1981).

[3]   Plaintiff is correct that under the "notice theory" of pleading he need not allege circumstances justifying recovery of punitive damages. *Shugar v. Guill*, 304 N.C. 332, 337-38, 283 S.E. 2d 507, 510 (1981). However, plaintiff's amended complaint does not meet the minimum requirements for "notice theory" of pleading for punitive damages against Thomas Built. Plaintiff's allegation of willful and wanton conduct against Thomas Built is buried among negligence allegations. Plaintiff does not request punitive damages against Thomas Built in any claim nor in his prayer for relief. Although both parties admit they briefed this issue in the court below, we do not have those briefs before us and can only determine the sufficiency of the amended complaint before us. Under G.S. 1A-1, Rule 12(b)(6), plaintiff's complaint fails to allege sufficient facts to support a claim for punitive damages against defendant.

For the reasons set forth above, we hold that plaintiff's complaint sufficiently states a cause of action against defendant for enhanced injuries due to negligent design and manufacture of the school bus. Further, the trial court did not err in dismissing the

WARREN v. COLOMBO

[93 N.C. App. 92 (1989)]

complaint for failure to state a claim for which relief can be granted for strict liability and punitive damages. Accordingly, we reverse and remand solely on the issue of enhanced injuries.

Reversed in part, affirmed in part.

Judge GREENE concurs in the result.

Judge ARNOLD dissents.

Judge GREENE concurring in the result.

I join with the majority in holding the trial court erred in dismissing the plaintiff's fifth cause of action against Thomas for the negligent design and construction of the school bus. The plaintiff has sufficiently alleged a duty by defendant Thomas, a breach of that duty and that the breach resulted in injuries proximately caused by the breach.

I do not find it necessary or helpful, however, to recognize a new cause of action for enhanced injuries. In fact, the term "enhanced injury," along with the terms "crashworthiness," "second collision" and "second accident," is merely an expression for "the notion that, within limits, automobile manufacturers may be held liable for injuries caused by their failure to take the possibility of automobile accidents into consideration in designing their products." 5 S. Speiser, C. Krause & A. Gans, *The American Law of Torts*, Sec. 18:89, P. 932 (1988) [hereinafter Speiser, Krause, & Gans]. These concepts do not have a "life of [their] own as separate and distinct cause[s] of action." *Id.* Instead, they are but a part of the necessary proofs of any traditional negligence action. *See Olsen v. United States*, 521 F. Supp. 59, 63 (E.D. Pa. 1981), *aff'd without op.*, 688 F. 2d 820 (3d Cir. 1982), *cert. denied*, 459 U.S. 1107, 74 L.Ed. 2d 956, 103 S.Ct. 732 (1983) ("second collision" doctrine does not have a life of its own but is applicable in cases tried on negligence theory); *Fox v. Ford Motor Co.*, 575 F. 2d 774, 787 (10th Cir. 1978) (orthodox tort principles can be routinely applied to enhanced injury litigation); *but see Huddell v. Levin*, 537 F. 2d 726, 742 (3d Cir. 1976) (the concept of second collision liability is *sui generis* and common law doctrines of negligence are of no useful purpose); *Caizzo v. Volkswagenwerk A.G.*, 647 F. 2d 241, 250 (2d Cir. 1981) (proximate cause issue should be addressed as two separate issues involving the occurrence and

the extent of the enhancement); Harris, *Enhanced Injury Theory: An Analytic Framework*, 62 N.C.L. Rev. 642, 657 (1984) ("enhanced injury theory is neither *sui generis* nor the subject for a mechanical application of other tort formulas").

Plaintiff's attempt to establish joint and several liability for injuries allegedly caused by several tort-feasors is a common practice and is governed by traditional principles of negligence, such as:

(1) The plaintiff's *injuries* must have been caused directly or proximately by the negligent acts of the defendants. W. Keeton, D. Dobbs, R. Keeton, & D. Owen, *Prosser and Keeton on the Law of Torts* Sec. 30 (5th ed. 1984) [hereinafter *Prosser and Keeton*]; Speiser, Krause & Gans, Sec. 9:1, p. 994; *City of Thomasville v. Lease-Afex, Inc.*, 300 N.C. 651, 656, 268 S.E. 2d 190, 194 (1980) (question in a products liability case is whether the injuries were caused "directly or proximately by the breach"); *Bolkhir v. N.C. State Univ.*, 321 N.C. 706, 709, 365 S.E. 2d 898, 900 (1988) (an element of actionable negligence is whether the breach of a duty was "the proximate cause of the injury"); *Holley v. Burroughs Wellcome*, 318 N.C. 352, 355, 348 S.E. 2d 772, 774 (1986) (in products liability action a party must show "injury caused directly or proximately by the breach"); *Adams v. Mills*, 312 N.C. 181, 187, 322 S.E. 2d 164, 168 (1984) (the elements of proof of contributory negligence include proving that the "breach of duty was a proximate cause of the injury suffered"); *but see Miller v. Miller*, 273 N.C. 228, 237, 160 S.E. 2d 65, 73 (1968) (plaintiff's failure to buckle his seat belt, generally, does not impair his right to recover from an active tort-feasor because the failure to buckle the seat belt "in no way contributed to the accident").

(2) Two or more tort-feasors may be responsible for the same injuries. *Adams*, 312 N.C. at 194, 322 S.E. 2d at 172 (there may be more than one proximate cause of an injury).

(3) Tort-feasors are jointly and severally liable if they either act together in committing the wrong or commit separate negligent acts which concur as to time and place and unite in proximately causing a single indivisible injury. *Phillips v. Hassett Mining Co.*, 244 N.C. 17, 22, 92 S.E. 2d 429, 433 (1956); *see Yandell v. Fireproofing Corp.*, 239 N.C. 1, 9-10, 79 S.E. 2d 223, 229 (1953) (concurrent negligence occurs when two or more persons concur "in point of consequence in producing a

single indivisible injury"); *Bost v. Metcalfe*, 219 N.C. 607, 611, 14 S.E. 2d 648, 652 (1941) (where no concert of action or no single indivisible injury, physician who negligently treats injury negligently inflicted by another is not a joint tort-feasor); *Mitchell v. Volkswagenwerk A.G.*, 669 F. 2d 1199, 1206 (8th Cir. 1982) (if manufacturer's negligence "is found to be a substantial factor in causing an indivisible injury . . . then absent a reasonable basis to determine which wrongdoer actually caused the harm, the defendants should be treated as joint and several tort-feasors"); *see also* Restatement (Second) of Torts Sec. 433A(1) (1965) ("damages for harm are to be apportioned among two or more causes where (a) there are distinct harms, or (b) there is a reasonable basis for determining the contribution of each cause to a single harm"); *Fox*, 575 F. 2d at 787 (adopting Restatement (Second) of Torts Sec. 433A (1965) ); *see generally Prosser and Keeton*, Sec. 30, p. 346-47 (two or more persons may be liable for the entire wrong if they act in concert or if the actions of both persons produce a single indivisible result).

(4) A single indivisible injury exists if apportionment among the tort-feasors is impossible. *See Ipock v. Gilmore*, 73 N.C. App. 182, 186, 326 S.E. 2d 271, 275, *disc. rev. denied*, 314 N.C. 116, 332 S.E. 2d 481 (1985); *Prosser and Keeton*, Sec. 30, p. 347.

(5) Negligent conduct of first tort-feasor may be insulated by independent negligent acts of second tort-feasor. *Adams*, 312 N.C. at 194, 322 S.E. 2d at 172-73. The test is whether the independent negligent act of the second actor is reasonably foreseeable on the part of the original actor. *Id.; see* 5 Speiser, Krause & Gans, Sec. 18:92, p. 940 (1988) (". . . an accident or collision is considered a foreseeable result of the normal use of a motor vehicle . . ."); *Riddle v. Artis*, 243 N.C. 668, 671, 91 S.E. 2d 894, 896 (1956) (where intervening cause "becomes itself solely responsible for the injuries" original wrongdoer is relieved of liability); Restatement (Second) of Torts Sec. 442A (1965) ("Where the negligent conduct of the actor creates or increases the foreseeable risk of harm through the intervention of another force, and is a substantial factor in causing the harm, such intervention is not a superseding cause.").

(6) Whether injuries are capable of apportionment among the tort-feasors is an issue of law for the trial court to decide. *See Casado v. Melas Corp.*, 69 N.C. App. 630, 635, 318 S.E.

WARREN v. COLOMBO

[93 N.C. App. 92 (1989)]

2d 247, 250 (1984) (court determined damage complained of was the indivisible result of several causes); Restatement (Second) of Torts Sec. 434(1)(b) (1965) (trial court to determine "whether the harm to the plaintiff is capable of apportionment among two or more causes"). If the trial court determines the damages are capable of apportionment, the actual apportionment is a question of fact for the jury. Restatement (Second) of Torts Sec. 434(2)(b) (1965); *see* Restatement (Second) of Torts Sec. 433B(2) (1965) ("where the tortious conduct of two or more actors has combined to bring about harm to the plaintiff, and one or more of the actors seeks to limit his liability on the ground that the harm is capable of apportionment among them, the burden of proof as to the apportionment is upon each such actor"); *see also* 1 Speiser, Krause & Gans, Sec. 3:7, p. 398 ("the burden of proof is on defendant once the plaintiff has made a prima facie showing that the defendant's conduct contributed as a proximate cause to the harm suffered by plaintiff").

I likewise join with the majority in holding, for the reasons stated in that opinion, that the trial court committed no error in dismissing the plaintiff's cause of action based on strict liability or in dismissing the third cause of action for punitive damages.

Judge ARNOLD dissenting.

I dissent from the majority's conclusion that plaintiff's allegations of enhanced injury against Thomas Built are sufficient to withstand a 12(b)(6) motion.

It is my opinion that the "first impact" is the critical and sole event of proximate causation in vehicular collision cases, and therefore actions for enhanced injuries are precluded. The initial impact of the truck with the bus was the cause, which in natural and continuous sequence, unbroken by any new and independent cause, that produced plaintiff's harm. *See Hairston v. Alexander*, 310 N.C. 227, 311 S.E. 2d 559 (1984).

I vote no error.