LARRY D. CORBITT, GUARDIAN AD LITEM FOR REGINALD DONNELL WAR-
REN, A MINOR CHILD, PLAINTIFF-APPELLANT v. MICHAEL COLOMBO, AD-
MINISTRATOR OF THE ESTATE OF KARSON LEE CONGER, DECEASED; MILITARY
DISTRIBUTORS OF VIRGINIA, INC. AND THOMAS BUILT BUSES, INC.,
DEFENDANTS-APPELLEES

No. 878SC1260

(Filed 7 March 1989)

**Sales § 22; Negligence § 22— enhanced injury liability—negli-
gent design and manufacture of school bus—sufficiency of
complaint**

Plaintiff's complaint was sufficient to state a claim against
defendant school bus manufacturer for enhanced injuries due
to negligent design and manufacture of a school bus.

APPEAL by plaintiff from *Llewellyn (James D.), Judge.* Order
entered 29 September 1987 in Superior Court, GREENE County.
Heard in the Court of Appeals 11 May 1988.

This appeal arises out of the 31 May 1985 school bus accident
near Snow Hill, North Carolina, in which six children were killed
and numerous others injured. The accident occurred when a tractor-
trailer truck driven by Karson Lee Conger (deceased) crossed the
center line of the highway and collided with a school bus. Plaintiff
is the Guardian Ad Litem for Reginald Donnell Warren, one of
the young children injured. Defendants are Colombo, administrator
of the estate of Karson Lee Conger; Military Distributors of Virginia,
Inc., owners of the truck Conger was driving; and Thomas Built
Buses, Inc., manufacturers of the school bus.

On 26 August 1985, plaintiff filed an amended complaint alleg-
ing six causes of action. The first claim alleges negligence by Con-
ger and Military Distributors of Virginia, Inc.; the second claim
seeks punitive damages against the administrator of Conger's estate
and Military Distributors of Virginia, Inc.; the third claim alleges
that defendant Thomas Built Buses, Inc. (Thomas Built) negligently
designed and manufactured the bus which proximately caused the
injuries; the fourth claim alleges defendant Thomas Built negligent-
ly designed and manufactured the bus which proximately caused
or enhanced the injuries; the fifth claim alleges strict liability of
defendant Thomas Built; and the sixth claim alleges breach of im-
plied warranty by defendant Thomas Built.

CORBITT v. COLOMBO

[93 N.C. App. 111 (1989)]

Two defendants petitioned for removal of the case to the United States District Court for the Eastern District of North Carolina. On 8 November 1985, defendant Thomas Built filed its answer and moved to dismiss the amended complaint under the Federal Rules of Civil Procedure, Rule 12(b)(6) for failure to state a claim upon which relief could be granted. The case was remanded to Greene County Superior Court on 20 February 1986.

On 29 September 1987, Judge Llewellyn entered an order dismissing three of plaintiff's claims under G.S. 1A-1, Rule 12(b)(6) for failure to state a claim upon which relief can be granted. The three claims dismissed are those against defendant Thomas Built for negligent design and manufacture of the bus which enhanced plaintiff's injuries; for strict liability of defendant Thomas Built; and for punitive damages against defendant Thomas Built. The remaining claims including plaintiff's claim against Thomas Built for negligence and implied warranty proximately causing the accident were denied and are not before us on appeal.

From this order, plaintiff appeals.

*Taft, Taft & Haigler, by Thomas F. Taft, Kenneth E. Haigler, Robert H. Hochuli, Jr. and James M. Stanley, Jr., for plaintiff-appellant.*

*Sumrell, Sugg, Carmichael & Ashton, by James R. Sugg and Rudolph A. Ashton, III, for defendant-appellee Thomas Built Buses, Inc.*

ORR, Judge.

For the reasons set forth in *Warren v. Colombo*, 93 N.C. App. 92, 377 S.E. 2d 249 (1989), we hold that plaintiff's complaint sufficiently states a cause of action against defendant for enhanced injuries due to negligent design and manufacture of the school bus. Further, the trial court did not err in dismissing the complaint for failure to state a claim for which relief can be granted for strict liability and punitive damages. Accordingly, we reverse and remand solely on the issue of enhanced injuries.

Reversed in part, affirmed in part.

Judge GREENE concurs in the result.

Judge ARNOLD dissents.