## HOLMES v. COLOMBO

[93 N.C. App. 117 (1989)]

HARRY HOLMES, Guardian Ad Litem for JOHN HOLMES, a minor child, Plaintiff-Appellant v. MICHAEL COLOMBO, Administrator of the Estate of KARSON LEE CONGER, Deceased; MILITARY DISTRIBUTORS OF VIRGINIA, INC. and THOMAS BUILT BUSES, INC., Defendants-Appellees

No. 878SC1261

(Filed 7 March 1989)

**Sales § 22; Negligence § 22— enhanced injury liability—negligent design and manufacture of school bus—sufficiency of complaint**

Plaintiff's complaint was sufficient to state a claim against defendant school bus manufacturer for enhanced injuries due to negligent design and manufacture of a school bus.

APPEAL by plaintiff from Llewellyn (James D.), Judge. Order entered 29 September 1987 in Superior Court, GREENE County. Heard in the Court of Appeals 11 May 1988.

This appeal arises out of the 31 May 1985 school bus accident near Snow Hill, North Carolina, in which six children were killed and numerous others injured. The accident occurred when a tractor-trailer truck driven by Karson Lee Conger (deceased) crossed the center line of the highway and collided with a school bus. Plaintiff is the Guardian Ad Litem for John Holmes, one of the young children injured. Defendants are Colombo, administrator of the estate of Karson Lee Conger; Military Distributors of Virginia, Inc., owners of the truck Conger was driving; and Thomas Built Buses, Inc., manufacturers of the school bus.

On 26 August 1985, plaintiff filed an amended complaint alleging six causes of action. The first claim alleges negligence by Conger and Military Distributors of Virginia, Inc.; the second claim seeks punitive damages against the administrator of Conger's estate and Military Distributors of Virginia, Inc.; the third claim alleges that defendant Thomas Built Buses, Inc. (Thomas Built) negligently designed and manufactured the bus which proximately caused the injuries; the fourth claim alleges defendant Thomas Built negligently designed and manufactured the bus which proximately caused or enhanced the injuries; the fifth claim alleges strict liability of defendant Thomas Built; and the sixth claim alleges breach of implied warranty by defendant Thomas Built.

**HOLMES v. COLOMBO**

[93 N.C. App. 117 (1989)]

Two defendants petitioned for removal of the case to the United States District Court for the Eastern District of North Carolina. On 8 November 1985, defendant Thomas Built filed its answer and moved to dismiss the amended complaint under the Federal Rules of Civil Procedure, Rule 12(b)(6) for failure to state a claim upon which relief could be granted. The case was remanded to Greene County Superior Court on 20 February 1986.

On 29 September 1987, Judge Llewellyn entered an order dismissing three of plaintiff's claims under G.S. 1A-1, Rule 12(b)(6) for failure to state a claim upon which relief can be granted. The three claims dismissed are those against defendant Thomas Built for negligent design and manufacture of the bus which enhanced plaintiff's injuries; for strict liability of defendant Thomas Built; and for punitive damages against defendant Thomas Built. The remaining claims including plaintiff's claim against Thomas Built for negligence and implied warranty proximately causing the accident were denied and are not before us on appeal.

From this order, plaintiff appeals.

*Taft, Taft & Haigler, by Thomas F. Taft, Kenneth E. Haigler, Robert H. Hochuli, Jr. and James M. Stanley, Jr., for plaintiff-appellant.*

*Sumrell, Sugg, Carmichael & Ashton, by James R. Sugg and Rudolph A. Ashton, III, for defendant-appellee Thomas Built Buses, Inc.*

ORR, Judge.

For the reasons set forth in *Warren v. Colombo*, 93 N.C. App. 92, 377 S.E. 2d 249 (1989), we hold that plaintiff's complaint sufficiently states a cause of action against defendant for enhanced injuries due to negligent design and manufacture of the school bus. Further, the trial court did not err in dismissing the complaint for failure to state a claim for which relief can be granted for strict liability and punitive damages. Accordingly, we reverse and remand solely on the issue of enhanced injuries.

Reversed in part, affirmed in part.

Judge GREENE concurs in the result.

Judge ARNOLD dissents.