**Edward M. HINKAMP, Walter Hinkamp, and Ruthene Hinkamp, Plaintiffs,**

**v.**

**AMERICAN MOTORS CORPORATION, a foreign corporation, and Jeep Corporation, a Nevada corporation, Defendants.**

**No. 86–44–CIV–3.**

United States District Court, E.D. North Carolina, Fayetteville Division.

July 17, 1989.

Herbert H. Thorp, Thorp and Clarke, Ronald E. Winfrey, Rose, Ray, Winfrey & Gregory, Fayetteville, N.C., for plaintiffs.

Joseph W. Yates, III, Yates, Fleishman, McLamb & Weyher, Raleigh, N.C., for defendants.

## ORDER

**TERRENCE WILLIAM BOYLE,**
District Judge.

This matter is before the court upon Defendants' motion for summary judgment. The motion was made orally after Plaintiffs waived notice at the hearing on their motion to vacate the court's previous order granting partial summary judgment for Defendants. The court now finds, for the reasons stated below, that Defendants are entitled to summary judgment on all of Plaintiffs' claims.

### I.

On the night of November 21, 1981, Edward H. Hinkamp, an 18–year–old freshman at Western Carolina University, was driving alone on Highway 107 when his 1981 Jeep Scrambler left the road on an icy curve near Sylva in Jackson County, North Carolina. The Jeep rolled over and Hinkamp was thrown from the vehicle, resulting in serious and permanent injuries to his brain. There were no eyewitnesses to the accident other than Hinkamp, who only remembers that he was driving at a speed of approximately forty to forty-five miles per hour and that there was "a lot of play" in the steering wheel. A sample of Hinkamp's blood drawn several hours after the accident revealed an alcohol level of 0.10. The undisputed evidence shows that Hinkamp began drinking with friends the preceding afternoon in Sylva, then drove to Asheville where he and his friends continued to drink at a bar. He vomited twice at the bar, and his general behavior exhibited a clear state of inebriation. Hinkamp nevertheless attempted to drive the approximately forty miles back to Sylva. He was within a mile of his destination when the accident occurred.

### II.

Edward Hinkamp and his parents, Walter and Ruthene Hinkamp, brought this action against the Jeep's manufacturer, alleging that the vehicle's improper design made it difficult to steer and susceptible to inadvertent loss of control. Plaintiffs do not contend that the *initial* loss of control was due to the Jeep's design. Rather, they claim that the allegedly loose steering gear prevented Hinkamp from *regaining* control of the vehicle after it slid on the icy roadway. Plaintiffs also allege that the vehicle's design was inadequate to protect an occupant in the event of a rollover or upset accident, thereby enhancing Hinkamp's injuries.

In an order entered November 12, 1987, this court granted Defendants' motion for partial summary judgment with respect to Plaintiffs' "crashworthiness" claims on the ground that such claims are not cognizable under the law of North Carolina. The court also dismissed Plaintiffs' express warranty claims based on advertising and promotion on the ground that they were unsupported by the alleged facts.

On March 14, 1988, the court granted Plaintiffs' motion for a stay of trial on their remaining claims pending a ruling by the Fourth Circuit in a case raising the issue of whether North Carolina would adopt the crashworthiness doctrine. That case ultimately settled before a decision was reached. On January 9, 1989, the court dissolved the stay and returned this matter to the calendar.

On March 7, 1989, a divided panel of the North Carolina Court of Appeals held that a cause of action for enhanced injuries is permissible under North Carolina law. *See Warren v. Colombo*, 93 N.C.App. 92, 377 S.E.2d 249 (1989). Plaintiffs then moved for the court to vacate its previous order dismissing their crashworthiness claims. A hearing was held on this motion in Elizabeth City, North Carolina, on April 11, 1989. Defendants orally moved for summary judgment at this hearing and Plaintiffs waived notice. Upon the court's request, Defendants subsequently produced citations of North Carolina authority as to the legal effect of Edward Hinkamp's intoxication at the time of the accident. Plaintiffs have responded with citations of their own, and the matter is now ripe for ruling.

### III.

It is negligence *per se* for a person to operate a motor vehicle with a blood

alcohol concentration of 0.10 or more. N.C.G.S. § 20–138.1(a)(2); *Watters v. Parrish*, 252 N.C. 787, 796, 115 S.E.2d 1 (1960).

Such conduct, however, will not constitute actionable negligence or contributory negligence unless—like any other negligence—it is causally related to the accident. [citations omitted] Mere proof that a motorist involved in a collision was under the influence of an intoxicant at the time does not establish a causal relation between his condition and the collision. His condition must have caused him to violate a rule of the road and to operate his vehicle in a manner which was a proximate cause of the collision.

*Atkins v. Moye*, 277 N.C. 179, 186, 176 S.E.2d 789 (1970). A plaintiff's contributory negligence need not be the sole proximate cause of his injury to bar recovery. The defendant will prevail if it "contributes" to the injury as just one of the proximate causes. *Badders v. Lassiter*, 240 N.C. 413, 417, 82 S.E.2d 357 (1954).

■ The problem presented by the facts of this case is that they provide no basis for eliminating Edward Hinkamp's negligence as a proximate cause of the accident. While ice may have been a proximate cause of the initial loss of control, there is no way of ruling out the possibility that Hinkamp's intoxicated state was an additional proximate cause which prevented him from noticing the ice or, if he did notice it, from taking due care. Nor can anyone say whether, at approximately midnight after a long day of drinking and at the end of a long drive, Hinkamp did not simply fall asleep at the wheel. Similarly, while a defective steering mechanism may have been a proximate cause of Hinkamp's inability to regain control, his impaired reflexes could have easily contributed to this inability as an additional proximate cause.

As the non-moving parties, Plaintiffs are, of course, entitled to all reasonable inferences in their favor. However, "[t]here must be legal evidence of every material fact necessary to support the verdict and the verdict 'must be grounded on a reasonable certainty as to probabilities arising from a fair consideration of the evidence, and not a mere guess, or on possibilities.' " *Mills v. Moore*, 219 N.C. 25, 30, 12 S.E.2d 661 (1941). In this case "the probabilities arising from a fair consideration of the evidence ... afford no reasonable certainty on which to ground a verdict." *Id.* at 31, 12 S.E.2d 661.

Since Hinkamp's negligence cannot be ruled out as a proximate cause of the accident, it also cannot be ruled out as a proximate cause of his injuries. The court is aware of arguments that a plaintiff's contributory negligence in causing the accident should not bar recovery under an enhanced injury theory of liability. *See, e.g.,* Harris, "Enhanced Injury Theory: An Analytic Framework," 62 N.C.L.Rev. 643, 672–74 (1984). However, while the court is willing to accept the recognition of the crashworthiness doctrine by the North Carolina Court of Appeals in *Warren v. Colombo, supra,* as an accurate statement of the law in North Carolina for purposes of this motion, it is not willing to infer from that decision any exception to the long-standing rule that a plaintiff's negligence is a complete bar to recovery if it contributes to his injuries. The court's reluctance is reinforced by Judge Greene's concurring opinion in *Warren,* which argued that a cause of action for enhanced injuries "is governed by traditional principles of negligence." Since the doctrine of contributory negligence is a traditional, fundamental principle of negligence law in North Carolina, it is applicable to Plaintiffs' enhanced injury claims.

Accordingly, Plaintiffs' motion to vacate the court's previous order granting partial summary judgment for Defendants is hereby DENIED, and Defendants' motion for full summary judgment is hereby GRANTED.

SO ORDERED.