GAUDIN, Judge.
Is a school bus actionably defective if it is not equipped with seat belts for the children passengers and adult supervisors? Is this a triable issue? A trial judge in the *1300 24th Judicial District, in summarily dismissing several third party claims, said no to both questions. We affirm.
This litigation followed an intersectional collision between a school bus and an 18-wheel tractor trailer in Gretna, Louisiana on March 20, 1985. The school bus was owned and being driven by Malcolm Landry and was being operated under a contract with the Jefferson Parish School Board while the truck was owned by the Louisiana National Leasing Corporation, leased to A.C. Graham Trucking and insured by Colony Insurance Company. Lisa Givens was the truck driver.
Various persons were hurt and 10 lawsuits were filed. The suits were consolidated for trial; and on January 29, 1987, the liability segment only was heard. By judgment rendered February 9, 1987, Givens was found to be 100 per cent at fault for negligently driving the truck past a red light and into the intersection. No negligence was attributed to the school bus driver.
The injured bus passengers did not allege any negligence in the design or manufacture of the school bus. The named defendants did not contend that the bus had been negligently designed and manufactured until after the liability judgment was handed down. National Leasing, Graham Trucking, Colony Insurance Company and Givens then filed third party demands against Ford Motor Company, Blue Bird Body Company, Bill Seaman’s Bus Sales, Inc., Richards Ford, Inc. and Landry.
Third party plaintiffs asked for tort indemnity and/or contribution from Ford, for designing a defective bus and for failing to. warn of dangers; and from Blue Bird, which manufactured the bus’ passenger compartment, for supplying a defective product. Seaman’s and Richards Ford were cited for generally the same reasons. The major alleged defect was the failure to design a bus with a sufficiently safe passenger restraint system.
Ford Motor Company was later voluntarily dismissed by third party petitioners while the United States Fidelity and Insurance Company was named a third party defendant as Seaman’s liability carrier.
Blue Bird, Seaman’s and USF & G filed exceptions of no cause of action and also motions for summary judgment while Richards filed an exception of no cause of action. These pleadings argue that the third party plaintiffs cannot sue because the lack of seat belts does not make a school bus defective and also because Givens, the truck driver, was 100 per cent responsible for the collision.
The exceptions and motions were heard on July 22, 1988. On that day (July 22nd), the motions for summary judgment were granted; and on August 29, 1988, two judgments were signed which sustained the exceptions filed by Blue Bird, Seaman’s and USF & G. These decrees dismissed all third party claims.
In rendering oral judgment from the bench on July 22nd, the trial judge noted that there is no duty to install seat belts on a school bus.
The Louisiana legislature, like those in most states, prescribes the manner of seat construction on school buses. LSA-R.S. 32:295 and 295.1 are the state’s statutes dealing with seat belts. Sec. 295 specifically excludes school buses from the seat belt requirement for riders while Sec. 295.1 mandates seat belts only for drivers of passenger cars and front seat occupants. It appears, from these statutes and also from the record in this case, that the legislature considered seat belt requirements for various types of vehicles and prescribed restraints only for drivers and front seat occupants of passenger cars.
Third party defendants contend that the legislature acted wisely and properly. They (third party defendants) cite tests and studies which indicate that in event of a collision, children in school buses with seat belts are often subjected to intensified injuries because of their immature anatomies. These tests and studies further show that in the event of an emergency such as a *1301 fire, children belted down cannot be quickly and safely removed.
Appellants argue that although Givens was totally at fault regarding the intersec-tional collision, she and the other third party petitioners were not 100 per cent responsible for the injuries sustained by the children and adult supervisor on the school bus. Had there been seat belts, third party plaintiffs contend, the passengers would have been restrained and their injuries would have been less severe and not enhanced.
Third party petitioners further argue that although Louisiana statutes do not mandate seat belts on school buses, a bus not furnishing belts is nevertheless negligently designed and is therefore a defective product. This, appellants believe, is at least a triable issue, which should preclude summary dismissal of their claims. Third party plaintiffs cite LSA-C.C. arts. 2315 and 2317, Weber v. Fidelity and Cas. Ins. Co. of New York, 259 La. 599, 250 So.2d 754 (1971), Halphen v. Johns-Manville Sales Corporation, 484 So.2d 110 (La.1986), and Boubel v. Gilardi, 532 So.2d 948 (La.App. 5th Cir.1988), and other decisions.
Appellants also rely on the scholarly affidavit of Professor Charles William Van Buskirk, an expert in biomedies, which is the application of engineering concepts to biological and medical problems. Mr. Van Buskirk is not an expert on the design and manufacture of school buses and he did not conduct any seat belt tests or experiments.
After submission of original briefs, third party plaintiffs called a North Carolina Court of Appeals case to our attention, Warren v. Colombo, 93 N.C.App. 92, 377 S.E.2d 249 (1989). Children in a school bus involved in a collision with a truck sued the bus manufacturer because (1) the bus seats were inadequately padded and secured to the floor, (2) the metal tubing in the seats broke too easily, becoming sharp and dangerous implements, and (3) the exterior siding and other materials were inadequate to withstand impacts reasonably expected to occur during the useful life of a school bus. The court held that recovery may be allowed when defects in the vehicle enhance injuries although the defects did not cause the accident. There can be more than one proximate cause of an injury.
In the case now before us, the only allegation of tort negligence, product liability or breach of implied warranty is the failure to install seat belts. A bus manufacturer is required to design and build a reasonably safe vehicle, one that minimizes injuries. We cannot say the trial judge erred in finding that the seat beltless school bus driven by Landry was reasonably and legally safe and was not negligently designed or built and that this sole and isolated issue, under prevailing statutes and current jurisprudence, was not triable.
Courts should not usurp the legislature’s regulatory function, particularly when various options and possibilities were contemplated. In fact, considering clear legislative intent here, as expressed by and in R.S. 32:295 and 295.1, it seems likely that a more persuasive claim could be made against a school bus manufacturer if seat belts were installed. In any event, there is no suggestion in the record that the legislature did not give seat belts a thorough, careful evaluation.
The record is also devoid of any indication that a pleading amendment could cure the procedural problems faced by the third party plaintiffs. The sum and substance of the third party demands was the failure to design and install seat belts. The opportunity to file an amending and supplemental third party petition was not requested either in the district court or on appeal.
The summary judgments here were proper. There are no factual disputes and no genuine issues of law although appellants try to fabricate one. Likewise, we affirm the judgments maintaining exceptions of no cause of action filed by Blue Bird, Seaman’s and USF & G.
Third party plaintiffs-appellants are to bear costs of this appeal.
AFFIRMED.