James E. **BUCKINGHAM**

v.

**UNITED STATES of America.**

**No. CIVS–99–965.**

United States District Court,
D. Maryland.

Jan. 3, 2000.

Daniel S. Katz, Tydings & Rosenberg, Baltimore, MD, for plaintiff.

Larry D. Adams, Lynne A. Battaglia, U.S. Attorney's Office, Baltimore, MD, for defendant.

## MEMORANDUM OPINION

SMALKIN, District Judge.

■ This is a Federal Tort Claims Act (FTCA) case, in which the Government claims that the individual who caused the accident was not acting within the scope of her employment. Obviously, under the FTCA, the Government is only liable to the extent that Maryland law would impose liability under the theory of *respondeat superior*. The facts, for the purpose of the issue of vicarious liability, are undisputed. The parties have cross-moved for summary judgment, and the plaintiff has requested that this Court certify a question of law to the Court of Appeals of Maryland. No oral hearing is needed. Local Rule 105.6, D.Md.

The plaintiff was injured in an automobile accident involving a vehicle he was operating and the private vehicle of Linda Bishop, an employee of the United States Postal Service. Earlier in the day, Ms. Bishop had completed her midnight shift at the incoming mail facility in Linthicum, Maryland. As she was finishing her shift, her supervisor asked her to deliver some "hot mail" to three post offices on her way home. These post offices were in the Route 140 corridor, and included Owings Mills, Finksburg, and Westminster, in South to North order. (Linthicum is well south of the entire Route 140 corridor). After dropping off the last of these deliveries at Westminster, Ms. Bishop headed home, taking Route 140 South, until the accident occurred at the intersection of Routes 140 and 91, in Carroll County. Ms. Bishop had been authorized two hours of overtime to deliver the "hot mail." When the accident occurred, she was in the last half hour of the authorized overtime period.

■ The plaintiff claims that, under Maryland's law governing workers' compensation cases, Ms. Bishop would be recognized to have been on a "special mission," thus establishing her as having been in the course of her employment, notwithstanding the fact that she had completed her delivery duties and was on the way home. Plaintiff suggests that this Court ask the Court of Appeals of Maryland whether it would apply the "special mission" theory in a *respondeat superior* context as an exception to the "going and coming rule." Given Maryland's adherence to traditional principles of *respondeat superior* over the years, this Court is of the opinion that, were the case presented to it, the Court of Appeals of Maryland would not recognize a "special mission" exception under the facts of this case. *See Wilson v. Ford Motor Co.*, 656 F.2d 960 (4th Cir.1981).

This is especially true given Maryland's traditional reliance on the element of employer control over the operation of the vehicle. *See Oaks v. Connors*, 339 Md. 24, 660 A.2d 423 (1995) (*respondeat superior* case). *See also Dhanraj v. Pepco*, 305 Md. 623, 506 A.2d 224 (1986). Here, although it is true that Ms. Bishop was actually performing special duties in delivering the mail to Owings Mills, Finksburg, and Westminster, and was still within the time frame of authorized overtime for her task of delivering the mail as far as Westminster, it is also true that she had completed her specific duties and was on her way home at the time of the accident. Certainly, the Government had no control over her operation of her own vehicle and/or the route she took home, nor does it appear that the use of the vehicle after completion of the deliveries was so vitally important to further Postal Service business that control by the Postal Service at the time of the accident can reasonably be inferred.

These are the key factors in this Court's opinion, in determining, as a matter of law, that the Government has no FTCA liability under applicable Maryland law. *See Oaks v. Connors,* 339 Md. at 32–33, 660 A.2d 423. The Court notes that the fact that Ms. Bishop was within her period of authorized overtime does not change the result of the analysis. *See Sheets v. Chepko,* 83 Md.App. 44, 573 A.2d 413 (1990).

Because the law on this topic was comprehensively covered in *Oaks v. Connors, supra,* there is no need to certify any question to the Court of Appeals of Maryland.

For the reasons stated, an Order will be entered separately, granting the defendant's motion for summary judgment, denying the plaintiff's cross-motion, and denying the plaintiff's motion to certify a question of law to the Court of Appeals of Maryland.