Robert R. McCLUNG, Appellant,

v.

FORD MOTOR COMPANY, a corporation,
Appellee.

No. 72-1257.

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 4, 1972.

Decided Jan. 26, 1973.

Donald R. Wilson, Charleston, W. Va. (Preiser & Wilson, Charleston, W. Va., on brief), for appellant.

Donald D. Hodson, Beckley, W. Va. (Bowers, File, Hodson & Payne, Beckley, W. Va., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, BRYAN, Senior Circuit Judge, and RUSSELL, Circuit Judge.

PER CURIAM:

We affirm for the reasons stated by the District Court. 333 F.Supp. 17 (S. D.W.Va.1971).

In this diversity case, we are not free to fashion a rule for West Virginia which accords with our preferences. We must examine available materials to predict, as best we can, what the West Virginia Supreme Court would do if presented with this same question.

That court has not considered an automobile manufacturer's liability for the aggravation of injuries caused by a defect in the vehicle when the defect was not a contributing cause of the initial collision. Prior to the adoption of the Uniform Commercial Code, however, that court had held there was no liability in tort or contract for personal injuries even though the defect in the vehicle caused the initial collision, if there was an express warranty limited to the replacement of defective parts. Payne v. Valley Motor Sales, Inc., 146 W.Va. 1063, 124 S.E.2d 622; Williams v. Chrysler Corporation, 148 W.Va. 655, 137 S.E.2d 225.

A court with so restrictive an approach to the allowance of damages for personal injuries when the defect in the vehicle was the immediate and direct cause of them is not likely to embrace a doctrine of recovery for enhancement of injuries in "second collision" situations when the alleged defect played no causative part in the initial collision.

Affirmed.

ALBERT V. BRYAN, Senior Circuit Judge (dissenting):

An automobile manufacturer's alleged liability to a purchaser of its car for personal injuries due to a deficiency in the interior design of the car does not present a justiciable issue, the appellee contends and the majority holds. It is not actionable, they say, unless the deficiency was in a feature of design required for the normal functioning of the car or by statute—that only a legislative direction for the inclusion of the

feature would render its omission a dereliction of obligation. Because of the absence of such an operational defect or statutory requirement here, summary judgment went for the manufacturer.

This concept to me is altogether mistaken, for the conceded common law duty of a manufacturer to use reasonable care to produce a reasonably safe car is not limited to the car's operation, locomotion or carriage. The present plaintiff was seriously hurt by the manufacturer's omission from the car's structure of adequate provision for the driver's protection from the foreseeable hazards of collision.

To avoid misunderstanding of my contention, it is well to state what I do *not* assert:

My thesis readily acknowledges:

(1) That the car in suit was not in any aspect lacking in functional capability.

(2) No defect in the car caused or contributed to cause the collision in which the plaintiff was hurt.

(3) A manufacturer is not an insurer of its product against injury to the driver.

(4) The manufacturer does not warrant an automobile to be accident immune.

(5) I do not say that the plaintiff on the bare present showing alone is entitled to recover; I do say that he is entitled to go to the jury on common law negligence or breach of warranty; and that the claim does not present an issue of law.

My point is that the maker of the car is liable for an injury attributable to its failure to exercise reasonable diligence to see that the interior of the car is so designed as to minimize, and not increase, the probability of injury resulting from collisions which are universally incident to the every day use of an automobile. The common law abundantly lends itself to this standard. The suggestion that legislation is needed to create the manufacturer's duty ignores the flexibility of the common law.

The setting of the issue is precisely depicted by the District Judge in his opinion:

"The complaint asserts the plaintiff [appellant Robert R. McClung] was involved in a collision with another vehicle in January, 1966, . . . and that as a result of the defendant's negligent design of the vehicle plaintiff was driving, plaintiff was severely injured. . . . [P]laintiff stated that the 1965 Ford Mustang driven by the plaintiff had the following defects in design and manufacture: a rigid steering wheel, a rigid steering column, a non-collapsible steering wheel and steering column, a steering wheel that was not padded, a horn rim that was not padded or indented, a shoulder-harness seat belt was not provided, and the lack of seat locks to lock the rear or back portion of the drivers seat into position. . . . [A] further charge [is] that the injury to plaintiff was a result of the impact between plaintiff and the steering wheel and the steering column. The plaintiff, who was wearing at the time a lap seat belt, was allegedly thrown against the steering wheel and the steering column at impact. This impact allegedly resulted in plaintiff's total blindness.

\*   \*   \*   \*   \*   \*

" . . . The question of liability of manufacturers in these so-called 'second collision' cases, i. e., those cases wherein subsequent to the initial impact of the collision of two vehicles the passenger or driver of one of the vehicles suffers a second collision with the interior of his car, is thus presented to this Court. . . . "

The potential responsibility in these circumstances has been stoutly maintained and aptly described in the Eighth Circuit. Outstanding is Larsen v. General Motors Corporation, 391 F.2d 495 (1968). Also, under facts almost identical to ours, the Court after exhaustive-

ly reviewing the many decisions on the manufacturer's accountability has demonstrated the availability of the common law as a ready remedy. For the Court, at p. 502, Judge Gibson squarely puts the case:

" . . . Where the manufacturer's negligence in design causes an unreasonable risk to be imposed upon the user of its products, the manufacturer should be liable for the injury caused by its failure to exercise reasonable care in the design. These injuries are readily foreseeable as an incident to the normal and expected use of an automobile. While automobiles are not made for the purpose of colliding with each other, a frequent and inevitable contingency of normal automobile use will result in collisions and injury-producing impacts. No rational basis exists for limiting recovery to situations where the defect in design or manufacture was the causative factor of the accident, as the accident and the resulting injury, usually caused by the so-called 'second collision' of the passenger with the interior part of the automobile, all are foreseeable. Where the injuries or enhanced injuries are due to the manufacturer's failure to use reasonable care to avoid subjecting the user of its products to an unreasonable risk of injury, general negligence principles should be applicable. [Footnote omitted] The sole function of an automobile is not just to provide a means of transportation, it is to provide a means of safe transportation or as safe as is reasonably possible under the present state of the art."

The trenchancy, contra, of Evans v. General Motors Corporation, 359 F.2d 822 (7 Cir. 1966), is admirable but I think its conclusion ignores reality.

Since the accident occurred in West Virginia and jurisdiction of this action is put on diversity of citizenship, of course the law of that State must govern. However, no West Virginia statute or decision predicts, in my mind, that the majority's decision here would be the resolution the State court would make. Authority cited for the prediction are the decisions of Williams v. Chrysler Corp., 148 W.Va. 655, 137 S.E.2d 225 (1964) and Payne v. Valley Motor Sales, Inc., 146 W.Va. 1063, 124 S.E.2d 622 (1962).

To begin with these precedents accept the proposition that a manufacturer is liable for negligence in the construction of its automobiles. Supportingly, they cite our discussion of West Virginia law in General Motors Corp. v. Johnson, 137 F.2d 320, 322 (1943). The two West Virginia decisions rested on the limitation of the warranty in the purchaser's contract to defects in the car parts. However, the claim here asserts a deficiency or omission in design, not in faulty parts. In my judgment, if such a warranty purported to grant immunity from all other liability for negligence, it would be void as an attempt by the manufacturer to contract against its own negligence.

These two West Virginia decisions do not, for me, foretell that its jurisprudence will not permit a judge or jury to decide, on adequate evidence, whether in fact the manufacturer failed to use reasonable care to prevent increasing the risk of injury of, or aggravating the inevitable injury to, a driver in his faultless use of its car. On the present appeal I would reverse.