**Linda J. SIMMS, et al., Plaintiffs,**

v.

**HOLIDAY INNS, INC., Defendant.**

Civ. No. S 89–357.

United States District Court,
D. Maryland.

March 1, 1990.

David C. Kent and Eric R. Cromartie, Hughes & Luce, Dallas, Tex., and Kenneth P. Niman, Kaplan, Heyman, Greenberg, Engelman & Belgrad, P.A., Baltimore, Md., for plaintiffs.

J. Paul Mullen and George G. Tankard, III, Lord & Whip, Baltimore, Md., for defendant.

## MEMORANDUM OPINION

SMALKIN, District Judge.

This case is before the Court on several summary judgment motions. The motions have been sufficiently briefed to allow decision without the need of oral argument.

First the Court turns to the defendants' motion for summary judgment as to the validity and applicability of the Maryland cap on noneconomic damages, Md. Cts. & Jud.Proc.Code Ann. § 11–108 (1989). The Court finds that the question is ripe for present consideration, in view of the damages sought in the complaint. The applicability of this statute to wrongful death actions is a question of state law, on which the Court of Appeals of Maryland has not expressly ruled. Thus, this Court must assess the position that court would likely take on the question. *Wilson v. Ford Motor Co.*, 656 F.2d 960 (4th Cir.1981). In that the Court of Special Appeals has ruled on the point, *Potomac Electric Power Co. v. Smith*, 79 Md.App. 591, 620–25, 558 A.2d 768 (1989), and in that the Court of Appeals has denied *certiorari* in that case, 317 Md. 393, 564 A.2d 407 (1989), this Court holds that the Court of Appeals of Maryland would apply the statute in question to wrongful death actions. Similarly, in light of the Court of Special Appeals' disposition of challenges to the constitutionality of the statute under the Maryland Constitution and Declaration of Rights in the cited case, and even considering the additional arguments in this regard raised in plaintiffs' most recent brief, this Court holds that the Court of Appeals of Maryland would uphold the statute under the Maryland Constitution and Declaration of Rights against the challenges levelled upon it by plaintiffs in this case. As a final matter of state law, the Court holds that, had the question been before it, the Court of Special Appeals would have held in *Pepco* that the damage cap applies to the wrongful death action as a whole, *see* 79 Md.App. at 624 n. 17, 558 A.2d 768, with which the Court of Appeals would agree.

Of course, this Court has an independent obligation to assess the constitutionality of the statute under the federal Constitution. Judge Niemeyer of this Court did just that in his well-reasoned opinion in *Franklin v. Mazda Motor Corp.*, 704 F.Supp. 1325 (D.Md.1989). This judge sees no reason to arrive at a result different from Judge Niemeyer's, even consider-

ing the ingenious and novel arguments raised in plaintiffs' brief on the issue. All of the law on this issue can be summed up succinctly. If one accepts, as one must in a republican form of government, that a state legislature has the power to create and abolish causes of action, it necessarily must have the power to limit the recovery obtainable in them. So long as the right to a jury trial on the *triable issues* is preserved, the Seventh Amendment is not violated, and so long as there is a rational reason for the legislation—which there undoubtedly is in light of burgeoning tort litigation and recoveries, which have ripple effects throughout the state's economy— the limitation upon recovery is constitutional, even though it changes the way courts, juries, and lawyers have dealt with lawsuits of that ilk in the past. Thus, this Court holds that the statute passes federal constitutional muster.

■ Going on to other issues, the Court is of the opinion that there is a sufficient, genuine dispute of material fact to warrant denial of some of defendants' various summary judgment points, but that, on others, there is no such dispute, and that summary judgment should be granted as to them, as, and for reasons stated, below:

1. The case against defendant Holiday Inns, Inc., as franchisor can go to the jury on the theory of apparent agency, as there is sufficient evidence, such as that of Mr. Simms' lodging habits, Fed.R.Evid. 406, when taken in plaintiffs' favor, to support a verdict for plaintiffs on the theory of apparent agency outlined in *Schear v. Motel Management Corp. of America*, 61 Md.App. 670, 688, 487 A.2d 1240 (1985).

2. The case against Holiday Inns, Inc., as franchisor cannot go to the jury on a theory of actual agency, because there is insufficient evidence on the issue of control to get past summary judgment, considering the Maryland law on this point as stated in *Schear*, 61 Md.App. at 686–88, 487 A.2d 1240.

3. There is sufficient medical evidence to get past a motion for summary judgment on conscious pain and suffering, although, of course, whether such a claim can survive directed verdict at trial will depend largely upon what develops in the cross-examination of medical experts called by plaintiffs.

4. There is insufficient evidence of either actual or implied malice on the part of any defendant to warrant denial of summary judgment on the issue of punitive damages. If one assumes that the case involves a tort arising out of the contractual innkeeper-guest relationship of the parties, then actual malice would have to be proved to recover punitive damages. *See generally Miller Building Supply, Inc. v. Rosen*, 61 Md. App. 187, 194–96, 485 A.2d 1023 (1985), *aff'd*, 305 Md. 341, 503 A.2d 1344 (1986). Obviously, actual malice cannot be shown in this case. Likewise, there is insufficient evidence to warrant even an inference of implied malice—the general tort standard in Maryland for punitive damages—for want of any showing of wanton conduct. Even though the defendants' employees might have been cavalier in disregarding sound operating principles or by preferring to leave as scheduled rather than check further on plaintiffs' decedent's status, this is hardly sufficient to generate a triable issue on implied malice. *See, e.g., Medina v. Meilhammer*, 62 Md.App. 239, 489 A.2d 35, *cert. denied*, 303 Md. 683, 496 A.2d 683 (1985).

For the reasons stated, an order will be entered separately, embodying the various rulings made hereinabove. A pre-trial conference will also be scheduled therein.

### ORDER

For the reasons stated in a Memorandum Opinion of even date herewith, it is, by the Court this 1st day of March, 1990, ORDERED:

1. That the defendants' motion for summary judgment on the issue of the validity and applicability of the Maryland damages cap statute BE, and it hereby IS, GRANTED, and that the plaintiffs' cross-motion on the same issue BE, and it hereby IS, DENIED;

2. That the defendant Holiday Inns, Inc.'s motion for summary judgment BE, and it hereby IS, GRANTED as to actual agency, but DENIED as to apparent agency;

3. That the defendants' motion for summary judgment as to conscious pain and suffering BE, and it hereby IS, DENIED;

4. That the defendants' motion for summary judgment as to punitive damages BE, and it hereby IS, GRANTED; and

5. That a pre-trial conference will be held in this case on Friday, March 23, 1990, at 9:00 a.m.