**Amy GREENEBAUM**

v.

**David Lee WILLIAMS, et al.**

**Civ. No. S 91–2745.**

United States District Court,
D. Maryland.

April 13, 1992.

Howard A. Janet and Susan M. Fila, Janet and Strausberg, Baltimore, Md., for plaintiff.

John J. O'Neill, Ford and O'Neill, Rockville, Md., for defendants.

## MEMORANDUM OPINION

SMALKIN, District Judge:

This automobile collision diversity case is before the Court on the defendants' motion for partial summary judgment on the issue of punitive damages. The motion raises interesting questions of interpretation of the recent revisitation of punitive damages by the Court of Appeals of Maryland in *Owens–Illinois v. Zenobia*, 325 Md. 420, 601 A.2d 633 (1992) [hereinafter *Zenobia*].

■ A movant who seeks summary judgment is entitled to prevail unless the opponent of the motion comes forward with evidence from which a reasonable fact-finder could find for the opponent, by the appropriate proof standard were the case at the directed verdict stage, taking all the facts and inferences in the light most favorable to the opponent. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Of course, in a diversity case such as this, the elements of the claim or defense at issue, as well as the proof standard, must be taken from the law of the forum state, as interpreted by its highest court. *See Wilson v. Ford Motor Co.*, 656 F.2d 960 (4th Cir.1981). There is no dispute that Maryland law applies here.

■ For the purposes of this motion, the Court will assume that the plaintiff could prove, by clear and convincing evidence (including all the facts surrounding the accident, the observations of the investigating and arresting officers as to defendant Williams' conduct and apparent state of drug intoxication, and Williams' admission of PCP use in the emergency room), *see Zenobia*, 325 Md. at 469, 601 A.2d at 657, that Williams drove his company vehicle in a state of extreme, voluntary drug intoxication, that he knew or should have known of the danger such conduct posed to other drivers on the interstate highway, and that he acted with conscious or deliberate disregard of the consequences.

Even with the foregoing assumptions, though, the plaintiff would have no entitlement to punitive damages under the flat holding of *Zenobia*, 325 Md. at 460, 601 A.2d at 653, overruling *Smith v. Gray Concrete Pipe Co.*, 267 Md. 149, 297 A.2d 721 (1972). In so overruling *Smith* (and its progeny), the Court of Appeals specifically held that punitive damages in non-intentional tort cases can be recovered only where "the defendant's conduct was characterized by evil motive, intent to injure, ill will, or fraud, *i.e.*, 'actual malice.'" *Zenobia*, 325 Md. at 460, 601 A.2d at 653. No matter how broadly taken in plaintiff's favor, the facts here could not support, by clear and convincing evidence, the presence of actual malice as so defined.

The plaintiff attempts to escape this aspect of *Zenobia* by seizing on the way in which the Court of Appeals went on, 325 Md. at 460–63, 601 A.2d at 653–54, to define actual malice in the products liability setting, which allows punitive damages upon a showing that, with actual knowledge of a product's danger, the defendant consciously or deliberately disregarded potential harm to consumers in marketing the product. *Zenobia*, 325 Md. at 462–63, 601 A.2d at 653. The difficulty with plaintiff's approach is that it ignores the Court of Appeals' intention that its products liability definition of actual malice (which concededly has some aspect of implied evil intention inherent in it, reminiscent of implied malice) was to be applied *only* to products liability cases, given the need in such cases for a substitute for the evil motive, or intent to injure or defraud, that must be present in all other non-intentional tort cases. *Zenobia*, 325 Md. at 462, 601 A.2d at 653. Directly pointing this out, and making the products liability definition of actual malice inapplicable to the present motor vehicle case, is the following quotation from *Zenobia*, 325 Md. at 461, 601 A.2d at 653: "As we held in Part B above,

in ordinary non-intentional tort cases, the plaintiff must prove that the defendant's conduct was characterized by an evil motive or intent to injure, or defraud the plaintiff."

Although this Court appreciates the fact, emphasized by the plaintiff, that Judge McAuliffe's concurring opinion in *Zenobia*, 325 Md. at 476–78, 601 A.2d at 660–61, took the position that the Court of Appeals was not limiting its application of the products liability definition of actual malice only to products liability cases, this Court must observe that its reading of the clear holding of the Court of Appeals on the issue of actual malice in "ordinary non-intentional tort cases," as discussed in the preceding paragraph, is contrary to that of Judge McAuliffe. If the "ordinariness" of the case turned on its particular facts, rather than its legal theories, as might happen under Judge McAuliffe's reading and as would certainly happen under Judge Bell's concurring and dissenting opinion, 325 Md. at 478–86, 601 A.2d at 661–65, then *Zenobia's* overruling of *Smith v. Gray Concrete Pipe Co., supra*, would quickly be shredded by inventive counsel's search for equivalents to actual malice that turned on the facts of the particular case, rather than upon whether it was a products liability case *vel non*.

This case is an example of what would happen if *Zenobia* were not to be applied categorically. Certainly, a crash in which the responsible driver is heavily intoxicated by illegal drug usage is not an "ordinary" car crash case, and the egregious facts here could justify, in logic, some sort of punitive sanction against such a driver. Yet, the Court of Appeals of Maryland, which has (as this Court has not) the lawmaking franchise on this issue, has clearly spoken in a way that precludes such a case-by-case approach to defining actual malice.

For the reasons stated, an order will be entered separately, granting the defendants' motion for summary judgment on the issue of punitive damages.

### ORDER

For the reasons stated in a Memorandum Opinion of even date herewith, it is, by the Court, this 13th day of April, 1992, ORDERED:

1. That defendants' motion for partial summary judgment on the issue of punitive damages BE, and it hereby IS, GRANTED; and

2. That punitive damages may not be recovered in this case, against any defendant.