**DAVIDSON SUPPLY CO., INC.**

v.

**P.P.E., INC., et al.**

**Civil No. S 97–905.**

United States District Court,
D. Maryland.

Dec. 16, 1997.

Edward J. Carnot, Douglas G. Wadler, Carnot, Zapor & Klassen, PC, Rockville, MD, for Davidson Supply Co., Inc.

Alan R. Siciliano, Decaro, Doran Siciliano, Gallagher, Sonntag & Deblasis, LLP, Lanham, MD, for P.P.E., Inc.

J. Mitchell Kearney, Brown, Diffenderffer, Wagonheim & Kearney, Towson, MD, for Logue.

Lawrence J. Quinn, Lynn A. Kohen, Tydings & Rosenberg, LLP, Baltimore, MD, for Edwards.

Thompson, Newark, DE, pro se.

## MEMORANDUM AND ORDER

SMALKIN, District Judge.

This civil case, which involves claims of alleged violations of the Electronic Communications Privacy Act of 1986 (and other similar claims), arises in the context of competition between two marketers of beauty supplies. The plaintiff claims, in its amended complaint, that after two of its former employees (Logue and Edwards) had gone to work for defendant P.P.E., they wrongfully extracted certain voice mail messages from plaintiff's system, which messages they later used to the competitive disadvantage of the plaintiff. (Although not named in the original complaint, Carolyn Edwards was later added as a defendant, by amendment.) Several months later, in July, after Edwards had left P.P.E.'s employ, the amended complaint, as against Edwards only, was dismissed by the plaintiff. A day before that dismissal was filed, plaintiff's counsel, together with counsel for the former defendant Edwards, conducted an examination, under oath, of Edwards. On that same day, prior to the examination, a settlement agreement and release was entered into between the plaintiff and Edwards. The release, among other things, called upon Edwards to cooperate with the plaintiff in pursuing its claims against P.P.E. Counsel for the remaining defendants allegedly knew nothing about this until shortly before Edwards' deposition of November 21, 1997. Soon thereafter, the remaining defendants' counsel filed a motion, which is presently before the Court for consideration, viz., their joint motion to disqualify plaintiff's counsel and suppress wrongfully obtained evidence, or in the alternative, for sanctions.

Because it is the policy of the undersigned to deal very swiftly with motions to disqualify, which cause tremendous disruption to the orderly handling of the case (not to mention the expenditure of time and money on matters ancillary to the merits), and because this motion plainly has no merit, the Court hereby *denies* the motion summarily, for reasons stated below. No oral hearing is necessary. Local Rule 105.6, D. Md.

■ Relying on two cases decided by District Judges of this District, *viz.*, *Camden v. State of Md.*, 910 F.Supp. 1115 (D.Md.1996) and *Zachair, Ltd. v. Driggs*, 965 F.Supp. 741 (D.Md.1997), the defendants argue that plaintiff's counsel's conduct in settling its dispute *ex parte* with Edwards and subsequently "turning" her as an "informant" (the analogy to criminal law being the Court's invention, not counsel's), violated Rule 4.2 of the Maryland Rules of Professional Conduct. The Maryland Rules are applicable to attorneys practicing in this Court pursuant to Local Rule 704, D. Md.

In pertinent part, Rule 4.2 provides:

In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.

In *Camden*, Judge Messitte, of the Southern Division, held that the quoted rule prevented the plaintiff's attorney from contacting, *ex parte*, an individual who investigated plaintiff's discrimination claims as a special assistant to the president of the employing state university, but who later left its employ "on less than amicable terms." 910 F.Supp. at 1117. Judge Messitte, writing *tabula rasa* as far as both the law of Maryland and the law of this District are concerned, held that a lawyer's *ex parte* contact with a former employee of a party who was "extensively exposed to confidential information" of the former employer, "including regular contact with [its] attorneys," constituted a violation of the rule, warranting disqualification of counsel. 910 F.Supp. at 1123. In so doing, Judge Messitte noted, but gave no controlling or persuasive weight to, opinions of the Maryland State Bar Association's Committee on Ethics that reached just the opposite conclusion. 910 F.Supp. at 1119.

In *Zachair*, the person with whom *ex parte* contact was had was formerly the general counsel of the defendant. Judge Davis, of the Northern Division, endorsing the decision in *Camden*, held that such *ex parte* contact violated Rule 4.2. 965 F.Supp. at 754. Judge Davis gave great weight to the special position of the former employee, as general counsel of his former employer. 965 F.Supp. at 753-54. Judge Davis characterized the *Camden* case as "caselaw that unequivocally governs [one's] conduct as a practicing attorney in a case pending before this Court." 965 F.Supp. at 752-53. Judge Davis also discussed, but rejected, the Maryland State Bar Association's opinions on the matter, seemingly forecasting that, were the issue before the Court of Appeals of Maryland, *see Wilson v. Ford Motor Co.*, 656 F.2d 960 (4th Cir.1981), that Court would adopt Judge Messitte's view of the rule, eschewing the view espoused by the Maryland State Bar Association. 965 F.Supp. at 752.

With all respect to Judges Messitte and Davis, I disagree both with the proposition that Rule 4.2 should be interpreted by this Court differently from the interpretation given it by the Maryland State Bar Association—and, for obvious reasons, reasonably relied upon by all Maryland lawyers—and that *Camden* "unequivocally governs [one's] conduct as a practicing attorney in a case pending before" the United States Bankruptcy and District Courts of Maryland. In this Court's view, were the question presented to it, the Court of Appeals of Maryland would not reach beyond the plain language of Rule 4.2 to incorporate, as did Judge Messitte, the suggestions in a preliminary draft of the Restatement of the Law Governing Lawyers. *See Camden*, 910 F.Supp. at 1121-22. In this Court's opinion, the enforcement of such novel strictures and interpretations as may be found in that draft should be made by a duly promulgated amendment to the rule itself, rather than by the gloss of caselaw.

■ Even if this Court were of the opinion that *Camden* and *Zachair* correctly state the

law applicable in the state and federal courts of Maryland with regard to *ex parte* contact with former employees of a party, the Court would not disqualify counsel in this case, noting here that the former employee, Edwards, was *not* an attorney or an investigator, but was simply a marketer. She might well have had access to certain trade-confidential information, but whether she did have such access is immaterial. In the circumstances of the present case, the claims asserted have to do with discrete illegal acts that allegedly violated specific federal statutes, and they do not implicate broad issues of trade confidentiality. Thus, as the case now stands—and as the Court intends to keep it—the only relevant information extracted from Edwards relates to the alleged illegal conduct engaged in by the remaining defendant who was a former employee of P.P.E., and there is no privilege, whether arising out of trade secrets protection or the attorney-client relationship, that precludes the introduction of the evidence in question.

Thus, plaintiff's counsel deserves neither to be disqualified nor to be sanctioned, and the defendants' motion is hereby DENIED.