Stanley C. ROGOSIN, et al., Plaintiffs,

v.

MAYOR AND CITY COUNCIL OF BALTIMORE, Defendant.

Civil Action No. WMN–00–3474.

United States District Court, D. Maryland, Southern Division.

Sept. 18, 2001.

Paul D. Raschke, James D. Cathell, Sr., Bouland and Brush LLC, Baltimore, MD, for plaintiffs.

Peter E. Keith, Michael W. Skojec, Paul Stephen Caiola, David William Kinkopf, Gallagher, Evelius and Jones, Baltimore, MD, for defendants.

## ORDER

BREDAR, United States Magistrate Judge.

This case was referred to the undersigned for resolution of discovery disputes. Pending before the Court is Plaintiffs' Renewed Motion for Leave to Interview Witnesses (Paper No. 43). I have reviewed the parties' submissions (Papers Nos. 43, 49 & 50). No hearing is necessary. *See* D.Md.R. 105.6.

Plaintiffs want to conduct informal interviews with former and present employees of Defendant City of Baltimore to ascertain whether they have any relevant, non-privileged information. They have asked the Court for permission to conduct these interviews because they are concerned that doing so may violate Rule 4.2 of the Maryland Rules of Professional Conduct.

This Court applies the Maryland Rules of Professional Conduct as adopted by the Maryland Court of Appeals. *See* D.Md.R. 704. Maryland Rule of Professional Conduct 4.2 states:

In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.

The official Comment to the Rule states:

In the case of an organization, this Rule prohibits communications by a lawyer for one party concerning the matter in representation with persons having a managerial responsibility on behalf of the organization, and with any other person whose act or omission in connec-

tion with that matter may be imputed to the organization for purposes of civil or criminal liability or whose statement may constitute an admission on the part of the organization.

To the extent that Plaintiffs seek to interview present employees of the City, the foregoing Comment provides the necessary guidance. Neither the plain language of the Rule nor the Comment make clear, however, whether and to what extent the Rule applies to *ex parte* contact with former employees of a corporate-party. Maryland's appellate courts have not resolved the issue, and judges of this Court who have attempted to forecast the likely position of the Maryland Court of Appeals have reached contradictory results. *Compare Davidson Supply Co. v. P.P.E., Inc.,* 986 F.Supp. 956, 958 (D.Md.1997) (Smalkin, J) (holding that Rule 4.2 did not apply to *ex parte* contacts with former employees of represented party), *with Zachair, Ltd. v. Driggs,* 965 F.Supp. 741, 753 (D.Md. 1997) (Davis, J.) (holding that Rule 4.2 did apply to *ex parte* contacts with certain former employees of represented party), *and Camden v. Maryland,* 910 F.Supp. 1115, 1116 (D.Md.1996) (Messitte, J.) (same).

This places Plaintiffs in a somewhat difficult position. They would like to informally interview witnesses who may have relevant information. Due to the nature of this case, *i.e.,* an employment discrimination case, most witnesses are either present or former employees of the adverse party, *i.e.,* their employer. They want to avoid violating the Rule 4.2 and suffering the possible consequences of such a violation, yet that rule has not been definitively construed by the Court of Appeals and the decisions of this Court are conflicting. To protect themselves, they have asked the Court for leave to conduct such interviews.

The Court is also in a difficult position. Although this Court applies the Maryland Rules of Professional Conduct, it applies them as they have been construed by the Maryland Court of Appeals. This Court's respect for that tribunal requires that this Court, to the extent possible, leave the task of construing state ethics rules to state courts. After all, the rule was adopted by and is first and foremost the province of the Court of Appeals. Accordingly, Chief Judge Motz has recommended caution in dealing with this issue, "recogniz[ing] that the area of contacts with former employees is a veritable minefield in which, until it is cleared by authoritative interpretation of Rule 4.2 by the Maryland Court of Appeals (or at least collegial consideration of the issues by the Fourth Circuit or the District Court), short and tentative steps are the most appropriate." *Plan Comm. v. Driggs,* 217 B.R. 67, 70 (D.Md.1998) (Motz, C.J.).

The Court is also reluctant to issue what would amount to an advisory opinion on the applicability of the Rule. Federal courts generally avoid issuing advisory opinions because the absence of a concrete factual setting sometimes diminishes the quality of the analysis. Moreover, if Rule 4.2 does apply to *ex parte* contacts with certain former employees, any number of factors may affect whether it forbids contact with a particular employee. It would be difficult for this Court to issue an opinion that takes into account every possible factor that may affect whether a former employee has such knowledge as to render contact inappropriate. Although it would also be difficult for lawyers to make this assessment as they consider whether to talk *ex parte* with a former employee of a party-opponent, it would be easier for them to do so because they, unlike the Court, would be aware of more specific facts.

The difficulty in issuing an advisory opinion authorizing such contacts—and the lack of a need for such an opinion in this instance—is highlighted when one considers two principles that emerge from the Court's albeit contradictory opinions. First, no judge of this Court has held that Rule 4.2 bars *ex parte* contact with *all* former employees. Even Judges Davis and Messitte, who held that the Rule barred a lawyer from having *ex parte* contact with certain former employees of another party and disqualified counsel who had engaged in such contacts, held that the rule was violated only "when the lawyer knows or should know that the former employee *has been extensively exposed to confidential client information* of the other interested party."[1] *Camden,* 910 F.Supp. at 1116 (Messitte, J.) (emphasis added); *see also* 965 F.Supp. at 754 (Davis, J.). Judge Messitte explained that "[s]o long as privileged matters are respected, all other former employees remain fair game." *Camden,* 910 F.Supp. at 1122.

■ Second, *ex parte* communications with a former employee that result in a lawyer obtaining confidential information or documents may result in sanctions regardless of whether Rule 4.2 is held to apply. Judge Messitte observed that "no court—including those that have blessed *ex parte* contacts with former employees— has declared that such contacts permit invasion of confidential areas." *Camden,* 910 F.Supp. at 1121. As Judge Messitte warned, "Lawyers are cautioned to be scrupulous in avoiding such incursions." *Id.* Judge Smalkin's holding that Rule 4.2 does not apply to *ex parte* communications with former employees does not detract from this principle, as he did not have the occasion to consider whether *ex parte* contact with a former employee that resulted in an invasion of privileges held by the employer might justify sanctions because the contacts at issue in that case were with employees who had little if any access to privileged material.

Therefore, although the cases disagree on the issue of whether Rule 4.2 applies, they do make clear that certain contacts are sanctionable and certain others are not.[2] The principles that emerge from

---

**1.** Obviously, most former employees of the City Law Department will possess information that is subject to the attorney-client privilege or is otherwise confidential by virtue of the fact that they act as the City's legal counsel in a variety of matters. The prohibition on lawyers contacting former employees who have been extensively exposed to privileged information cannot be read so broadly as to bar a lawyer from conducting *ex parte* interviews with employees who have been exposed to privileged information about other matters, but have not been extensively exposed to privileged information about the case in which the lawyer is involved. Nevertheless, the lawyer conducting such interviews must also scrupulously avoid intruding upon privileges relating to other matters during the interview.

**2.** The sanctions that the Court imposed in Camden were disqualification of counsel and suppression of the evidence. *Camden,* 910 F.Supp. at 1123–24. It did so out of a con-

cern that knowing invasions into privileged matters jeopardized the integrity of the justice system. *See id.* at 1123. Even if Rule 4.2 were found to apply to *ex parte* contacts with former employees of a represented party-opponent, it is unlikely that the Court would impose sanctions against the party in the course of the litigation if the *ex parte* contact did not significantly impair the fairness of the proceedings or the integrity of the judicial system. *Cf. Plan Comm. v. Driggs,* 217 B.R. at 72 (Motz, C.J.) (observing that "the appropriate remedy for any ethical violation that occurred would be disciplinary action against [the lawyer], not dismissal of the adversary proceeding, suppression of evidence, or disqualification of counsel"). I realize that disciplinary action against the lawyer is possible. Sanctions for *ex parte* contacts that do not significantly impair the fairness of the trial or the integrity of the system would be unlikely, however, in light of the conflicting constructions of the Rule. Because disciplinary sanc-

these cases give sufficient guidance to Plaintiffs without the need for the undersigned to issue an advisory opinion that takes the Court deeper into the minefield. Moreover, it would be virtually impossible to grant advance authorization to Plaintiffs to interview former employees because I do not know the extent to which those employees have been exposed to confidential information.[3] In short, I do not grant Plaintiffs' permission to conduct *ex parte* interviews or prohibit them from doing so. Instead, I leave it to Plaintiffs to decide whether each such interview is appropriate in the light of the principles that emerge from the applicable cases.

■ Plaintiffs also asked the Court to order the City to rescind any instruction it may have issued to its employees directing them to refrain from speaking with Plaintiffs or their counsel. Although such an instruction would amount to an inappropriate attempt to conceal evidence and would probably warrant sanctions, Plaintiffs have not alleged that the City issued any such directive. Therefore, I decline to order the City to rescind a directive that may not exist. *See Frey v. Department of Health & Human Servs.*, 106 F.R.D. 32, 39 (E.D.N.Y.1985) (declining to order Government agency to inform its employees that they may talk with the plaintiff's counsel free of reprisal in the absence of an instruction to the contrary). Plaintiffs are free to renew their motion for such an order if they discover evidence of such a directive.

Accordingly, it is hereby

ORDERED that Plaintiffs' Renewed Motion for Leave to Interview Witnesses (Paper No. 43) is DENIED; and it is

FURTHER ORDERED that copies of this Order shall be sent to counsel.

tions would be unlikely, the remote possibility that they would be imposed is insufficient to justify the issuance of the advisory opinion on the applicability of Rule 4.2 that Plaintiffs seek.

3. I recognize that Judge Legg granted a motion to interview three witnesses in *Sharpe v. Leonard Stulman Enterprises L.P.*, 12 F.Supp.2d 502 (D.Md.1998). Unlike that case, however, Plaintiffs did not identify the individuals they want to interview in their motion. Although they did identify some such employees in their reply, Plaintiffs did not provide enough information about these employees for the Court to determine whether they were extensively exposed to confidential information relating to this case. Even if they had done so, however, I would decline to grant the leave requested for the reasons set forth above.