**Angela I. DANNENFELSER, Plaintiff,**

v.

**DAIMLERCHRYSLER CORPORATION, a Delaware corporation, Defendant.**

**No. 04–CV–235.**

United States District Court, D. Hawai'i.

March 31, 2005.

John P. Manaut, Carlsmith Ball, LLP, Honolulu, HI, for Plaintiff.

Richard F. Nakamura, Ronald T. Michioka, Ayabe Chong Nishimoto Sia & Nakamura, Honolulu, HI, for Defendant.

*ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON DAIMLERCHRYSLER'S SECOND AFFIRMATIVE DEFENSE; ORDER GRANTING DEFENDANT'S MOTION TO STRIKE THE EVIDENCE AND ARGUMENTS RAISED FOR THE FIRST TIME IN PLAINTIFF'S REPLY*

EZRA, Chief Judge.

The Court heard Plaintiff's Motion on March 28, 2005. John P. Manaut, Esq., appeared at the hearing on behalf of Plaintiff; Richard F. Nakamura, Esq., and David K. Schultz, Esq., appeared at the hearing on behalf of Defendant. After reviewing the motions and the supporting and opposing memoranda, the Court GRANTS IN PART AND DENIES IN PART Plaintiffs Motion for Partial Sum-

mary Judgment on DaimlerChrysler's Second Affirmative Defense, and GRANTS Defendant's Motion to Strike the Evidence and Arguments Raised for the First Time in Plaintiff's Reply Brief in Violation of Local Rule 7.4.

## BACKGROUND

Plaintiff Angela Dannenfelser has sued Defendant DaimlerChrysler Corporation for damages to compensate for injuries she sustained in an automobile accident. On the evening of July 5, 2003, Plaintiff was driving her 2001 Dodge Neon, which was manufactured by Defendant, down Kamehameha Highway in dark, rainy conditions when she approached an intersection. Finding that she could not stop her vehicle quickly enough to avoid rear-ending a vehicle stopped at the stoplight, she swerved to the right. Her car crossed the right-hand turn lane, jumped a raised curb, and impacted a metal lamp post on the side of the road. The force of the collision split the lamp post in half. During the crash, the manufacturer-installed air bags failed to deploy, Plaintiffs head hit the steering column, and she suffered injuries to her face and head.

Shortly after the accident, Plaintiff admitted to an emergency room doctor that she drank four alcoholic beverages prior to driving the car, and took the drug Xanax. The emergency room doctor states that Plaintiff was clinically intoxicated when she arrived at the emergency room. Urine testing confirmed that Plaintiff had consumed alcohol, and she additionally tested positive for marijuana use. Plaintiff also admits that she was driving at least 20 mph faster than the posted speed limit of 35 mph. Defendant also asserts that the lack of skid marks at the site of the accident evidences that she did not use the car's brakes prior to the crash.

Plaintiffs complaint, filed on April 14, 2004, asserts the following claims against Defendant: (1) negligence and strict liability for a defective condition and failure to properly design the air bags; (2) unfair and deceptive trade practices for representing that the air bag would "inflate in moderate high speed impacts;" and (3) breach of express and implied warranties. This case is before the Court pursuant to 28 U.S.C. § 1332.

On December 3, 2004, Plaintiff filed the instant Motion for Partial Summary Judgment on Defendant DaimlerChrysler Corporation's Second Defense, along with the accompanying concise statement of material facts. On March 3, 2005, Defendant filed its opposition, along with the accompanying concise statement of material facts in opposition. Plaintiff filed her reply on March 10. On March 17, Defendant filed its Objections and/or Motion to Strike the Evidence and Arguments Raised for the First Time in Plaintiffs Reply Brief in Violation of Local Rule 7.4.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be entered when:

> [T]he pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.

Fed.R.Civ.P. 56(c). The moving party has the initial burden of demonstrating for the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970)). However, the moving party need not produce evidence negating the existence of an element for which the opposing party will bear the burden of proof at trial. *Id.* at 323, 106 S.Ct. 2548.

Once the movant has met its burden, the opposing party has the affirmative burden of coming forward with specific facts evidencing a need for trial. Fed.R.Civ.P. 56(e). The opposing party cannot stand on its pleadings, nor simply assert that it will be able to discredit the movant's evidence at trial. See *T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n,* 809 F.2d 626, 630 (9th Cir.1987); Fed.R.Civ.P. 56(e). There is no genuine issue of fact "where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (citation omitted).

A material fact is one that may affect the decision, so that the finding of that fact is relevant and necessary to the proceedings. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A genuine issue is shown to exist if sufficient evidence is presented such that a reasonable fact finder could decide the question in favor of the nonmoving party. *Id.* The evidence submitted by the nonmovant, in opposition to a motion for summary judgment, "is to be believed, and all justifiable inferences are to be drawn in [its] favor." *Id.* at 255, 106 S.Ct. 2505. In ruling on a motion for summary judgment, the court must bear in mind the actual quantum and quality of proof necessary to support liability under the applicable law. *Id.* at 254, 106 S.Ct. 2505. The court must assess the adequacy of the nonmovant's response and must determine whether the showing the nonmovant asserts it will make at trial would be sufficient to carry its burden of proof. *See Celotex,* 477 U.S. at 322, 106 S.Ct. 2548.

At the summary judgment stage, this court may not make credibility determinations or weigh conflicting evidence. *Musick v. Burke,* 913 F.2d 1390, 1394 (9th Cir.1990). The standard for determining a motion for summary judgment is the same standard used to determine a motion for directed verdict: whether the evidence presents a sufficient disagreement to require submission to a jury, or it is so one-sided that one party must prevail as a matter of law. *Id.* (citation omitted).

## DISCUSSION

In her motion for partial summary judgment, Plaintiff argues that Defendant should be precluded from bringing forth any argument or evidence regarding the defense of contributory negligence as against her claim of negligence and strict liability for a defective condition and failure to properly design the air bags. Plaintiff asserts that her complaint is tailored to seek recovery only for those damages that result from the "second collision" between her head and the steering column that occurred due to the failure of the air bags to deploy, and therefore the causes of the primary collision are irrelevant. In support of this argument, Plaintiff urges the Court to adopt the ruling of the Florida Supreme Court, which held that principles of comparative fault involving the causes of the first collision do not generally apply in crashworthiness cases. *D'Amario v. Ford Motor Company,* 806 So.2d 424 (Fla.2001).

■■■ This position holds some logical appeal. However, it is simply not the law in the State of Hawaii, nor even the law in the majority of jurisdictions. Moreover, such a broad pronouncement ignores the fact that the line between the injuries caused by the primary collision and the secondary collision is rarely so clear as to permit a bright-line exclusion. Rather, this Court finds as follows. First, under Hawaii law, comparative negligence is a defense to claims of enhanced injuries resulting from a "second collision." Second, as Hawaii permits a defense of contributory negligence regarding the second colli-

sion, a defendant must be permitted to bring evidence and argument regarding acts of negligence by a plaintiff that contributed to the injuries alleged to have been enhanced by the second collision. Third, to the extent that any evidence or argument regards acts of negligence that only contributed to injuries resulting from the primary collision, and have no impact on the allegedly enhanced injuries, this evidence would be irrelevant and inadmissible. Thus, to the extent that Plaintiff seeks generally to preclude Defendant from bringing any evidence or argument regarding the defense of contributory negligence, this motion is DENIED. However, to the extent that Plaintiff seeks to preclude Defendant from introducing evidence and argument about acts of negligence by Plaintiff that did not in any way contribute to the allegedly enhanced injuries, then the motion is GRANTED IN PART.

While the Hawaii Supreme Court has not ruled on the discrete issue of whether the defense of contributory negligence should be allowed in a strict products liability claim arising in a "second collision" case, no logical leap is required to conclude from a reading of the court's rulings and Hawaii statutory law that the Hawaii Supreme Court would likely follow California in holding that the contributory negligence defense is indeed available in such cases.

Hawaii has codified the applicability of a comparative negligence regime in Hawaii Revised Statutes Section 663–31. The statute provides that, while contributory negligence on the part of a plaintiff that is not greater than the negligence of the defendant or other involved parties is no bar to recovery, the fact finder must determine the percentage of contribution of each of the parties and reduce the plaintiffs award accordingly. Haw.Rev.Stat. § 663–31.

The Hawaii Supreme Court has held that this comparative negligence system applies in strict products liability cases. *Kaneko v. Hilo Coast Processing*, 65 Haw. 447, 464, 654 P.2d 343 (1982). In *Kaneko*, the court dismissed the argument that, because strict products liability is a theory of liability not based upon negligence, concepts like comparative negligence and contributory negligence are irrelevant, "reject[ing] the academic argument that the merger of the two concepts is prevented because of semantics." *Id.* at 461, 654 P.2d 343. Opting to follow the California Supreme Court's decision in *Daly v. General Motors Corp.*, the court reasoned:

> Our adoption of the theory of strict products liability was premised on equity and fairness and our concern for human safety. The interjection of comparative negligence into strict products liability will reduce an injured plaintiff's award by an amount equal to the degree to which he is culpably and contributorily negligent. Such a system will accomplish a fairer and more equitable result.

*Id.* (following *Daly v. General Motors Corp.*, 20 Cal.3d 725, 144 Cal.Rptr. 380, 575 P.2d 1162, 1167 (1978)).

The court also rejected the argument that, if comparative negligence is merged with strict products liability, the manufacturer's incentive to produce safe products will be undermined. *Id.* at 462, 654 P.2d 343. Again siding with the *Daly* decision, the court held that this argument was "more shadow that substance," because a reduction in the plaintiffs award does not absolve the manufacturer of all liability. *Id.*

Third, the court denied the claim that juries would be unable apply the comparative negligence standards to compare the contributory negligence of a plaintiff with the defective product of a defendant. Cit-

ing *Daly*, the court found that "~jurors have no difficulty in apportioning awards when using the maritime doctrine of unseaworthiness, a doctrine similar to strict liability, where plaintiffs misconduct is not an absolute bar to recovery, but may be considered in mitigation of damages as justice requires." *Id.* at 463, 654 P.2d 343.

In support of its decision, the court in *Kaneko* noted that the merger of comparative negligence and strict liability is consistent with the public policy rationale underlying strict products liability, which seeks to hold manufacturers strictly liable for injuries from defective products while preventing them from becoming "insurers of the safety of the product's user." *Id.*

It is true, as Plaintiff asserts, that in *Kaneko* the Hawaii Supreme Court did not deal specifically with a "second collision" fact pattern. However, the *Kaneko* opinion relies heavily on the logic of the California Supreme Court in *Daly*, a case that did expressly address the second collision scenario. In *Daly*, the family of a driver killed when his car struck a metal divider fence sued the car's manufacturer. 144 Cal.Rptr. 380, 575 P.2d at 1164–1165. Upon striking the fence, the driver's side door opened due to an alleged defect, and the driver, who was intoxicated and not wearing his seatbelt, was ejected from the car. Iii, The court found that, had he remained in the car, his injuries would likely have been minor. *Id.* For the reasons adopted by the Hawaii Supreme Court as detailed above, the California Supreme Court held that evidence of a plaintiffs contributory negligence is admissible

in strict liability product defect cases such as the second collision circumstance at issue in *Daly*.[1] *Id.* at 1167–1173.

Indeed, it would appear that the majority of courts to address this issue have found that comparative negligence principles do apply in crashworthiness and second collision cases. *See, e.g., Montag v. American Honda Motor Co.*, 75 F.3d 1414, 1419 (10th Cir.1996); *Hinkamp v. American Motors Corp.*, 735 F.Supp. 176, 178 (E.D.N.C.1989); *General Motors Corp. v. Farnsworth*, 965 P.2d 1209, 1217–18 (Alaska 1998); *Zuern v. Ford Motor Co.*, 188 Ariz. 486, 491–92, 937 P.2d 676 (1996); *Doupnik v. General Motors Corp.*, 225 Cal. App.3d 849, 865, 275 Cal.Rptr. 715 (1990); *Meekins v. Ford Motor Co.*, 699 A.2d 339, 344–46 (Del.Super.1997); *Page v. Gilbert*, 598 So.2d 1110, 1117–18 (1992); *Day v. General Motors Corp.*, 345 N.W.2d 349, 354 (N.D.1984); *Whitehead v. Toyota Motor Corp.*, 897 S.W.2d 684, 690–93 (Tenn. 1995).

■ Thus, in keeping with the precedent of the Hawaii Supreme Court, the California Supreme Court, and the majority of other jurisdictions, the Court finds that Defendant may indeed assert a defense of comparative negligence to Plaintiffs negligence and strict liability claims regarding the injuries stemming from the "second collision." Having reached that conclusion, however, the Court notes that the Rules of Evidence still apply, and any evidence of negligence on the part of Plaintiff that is wholly irrelevant to the

---

1. This Court notes, however, the California Supreme Court held that the principles it articulated in *Daly* were not retroactive. 144 Cal.Rptr. 380, 575 P.2d at 1173. Therefore, because the issue of comparative fault was never placed in issue by any party at trial, no jury instructions were requested or given on the issue, and the jury therefore had no basis for evaluating the evidence under correct principles of comparative fault, the Court found that the evidence of intoxication and failure to wear a seat belt was improperly admitted, and reversed and remanded the case. *Id.* at 1173–1174. The court held, though, that in the event of retrial, the principles of comparative fault would be applicable. *Id.* at 1173.

issue of the allegedly enhanced injuries would be properly excluded.

Determining which evidence of negligence is relevant to the causation of the enhanced injuries is a highly fact-specific inquiry, however. Indeed, this is precisely the difficulty that makes holdings such as *D'Amario,* which seek to broadly exclude evidence of comparative fault regarding the underlying collusion from the lawsuit regarding the allegedly enhanced injuries, so problematic. As the Superior Court of Delaware noted in *Meekins,* while holding that evidence of the driver's negligence in causing the collision was admissible as evidence of comparative negligence in the lawsuit over the enhanced injuries allegedly caused by a defective air bag:

> One must be careful to resist the temptation to view this issue in an isolated, over simplified way. Under some circumstances there may exist a clear line of demarkation between the injuries sustained as a result of the initial collision and those enhanced injures arising from a defective product. The case of a driver running into a tree at a slow speed and being ejected from the car as the result of a defective seat belt, for instance, might create a situation where it is clear that no injuries would have occurred without the ejection. Under those kinds of facts the injuries are so distinct that application of the rule barring evidence of the driver's comparative negligence might be workable, even if not advisable. However, most cases are not so clear cut.

*Meekins,* 699 A.2d at 345. Even the Florida Supreme Court in *D'Amario* held that under some factual circumstances evidence of comparative negligence must be admitted. *D'Amario,* 806 So.2d at 440 n. 16 ("We recognize that in some cases the jury may not be able to separate the damages from the initial and secondary collisions. Should such event occur, the parties should resort to established precedent in that area of the law. Further ... comparative fault may sometimes be raised if the circumstances require that there be a fair and just allocation of fault and damages.").

Therefore, in so far as Plaintiff's motion for summary judgment seeks generally to preclude Defendant from bringing any evidence or argument regarding the defense of contributory negligence against count one of Plaintiff's complaint, the motion is DENIED IN PART. To the extent that Plaintiff seeks a ruling clarifying that the Court will hold inadmissible any proffered evidence and argument about acts of negligence by Plaintiff that did not in any way contribute to the allegedly enhanced injuries, then the motion is GRANTED IN PART. However, in order for this Court to determine whether any specific evidence is properly excluded as irrelevant in accordance with this ruling, Plaintiff must articulate a more specific argument regarding the particular evidence, or particular facts that such evidence would be presented to prove, and why such evidence or underlying facts are irrelevant or prejudicial.

■ Additionally, Defendant has moved to strike portions of Plaintiffs reply memorandum for failure to comply with the local rules. Specifically, Defendant complains that Plaintiff raised for the first time in her reply memorandum an argument seeking summary judgment to preclude Defendant from presenting any defense based on assumption of risk or Plaintiff's alleged failure to wear a seat belt. Local Rule 7.4 provides that a reply must respond only to the arguments raised in the opposition, and that any arguments raised for the first time in the reply will be disregarded. Plaintiff argues in her reply memorandum that Defendant has brought forth no evidence that would support a defense under an assumption of the risk theory, no evidence to show that Plaintiff was not wear-

ing her seatbelt during the collision, and no other evidence that would support a contributory negligence defense; therefore, Plaintiff concludes, summary judgment must be granted as to Defendant's defense of contributory negligence. Plaintiff did not raise any of these arguments in her motion for summary judgment. Rather, that motion only contained argument regarding the controlling law and proper scope of admissible evidence regarding Plaintiff's alleged negligence and its contribution to the injuries. Consequently, the Court GRANTS Defendant's Motion to Strike the Evidence and Arguments Raised for the First Time in Plaintiffs Reply Brief in Violation of Local Rule 7.4. The Court deems these portions of the reply memorandum stricken, and does not consider them.

### CONCLUSION

For the reasons stated above, the Court GRANTS IN PART AND DENIES IN PART Plaintiffs Motion for Partial Summary Judgment on DaimlerChrySler's Second Affirmative Defense, and GRANTS Defendant's Motion to Strike the Evidence and Arguments Raised for the First Time in Plaintiffs Reply Brief in Violation of Local Rule 7.4.

IT IS SO ORDERED.